Boston and Maine Railroad *vs.* Joseph B. Whitcher.

In an action by a carrier against a consignee of goods, to recover the price of transporta-
tion, in which there is evidence tending to show that the defendant, in bargaining for the
same, and in receiving the goods, acted only as agent of a third party, it is not incumbent
upon the defendant to show that he notified the plaintiff at the time of receiving them
that he received them as agent, if the jury are satisfied from the evidence that the plain
tiff must have known that he was acting only as an agent.

Contract to recover for the transportation of a quantity of
stone from Concord, New Hampshire, to Boston.

At the trial in the superior court, it appeared that the stone
was consigned to the defendant, and that notice of its arrival in
Boston was sent to him. The defendant introduced evidence
tending to show that, in contracting for the transportation of
the stone, and in receiving the same, he acted only as agent
of the Granite Railway Company, for whom the stone was
intended, and that his general agency for that company was
known to the plaintiffs, and that they had brought stone con-
signed in the same way before, which they knew was for that
company. The plaintiffs requested the court to instruct the jury
that, inasmuch as the goods were consigned to the defendant by
name, with nothing to show that it was in any other than a per-
sonal capacity, it was incumbent upon him to show that he no-
tified the plaintiffs, at the time of receiving the same, that he
received them as agent; but *Putnam*, J., declined so to rule, and
instructed the jury that such notice was not necessary, provided
that they found, from the previous dealings between the parties,
and from the admitted fact that the plaintiffs knew the defend-
ant to be an agent of the company, that the plaintiffs must have
known that this property belonged to the company, and that the
defendant, in the transaction, acted only as agent. The jury
returned a verdict for the defendant, and the plaintiffs alleged
exceptions.

*J. W. Rollins*, for the plaintiffs.

*A. Churchill*, for the defendant, was not called upon.

Bigelow, C. J. We are of opinion, that the facts proved at
42*

the trial bring this case within the well settled rule of law, that an agent is not liable, when he acts in behalf of a known principal. The exception to this rule, on which the plaintiffs rely, does not apply, where goods are consigned to an agent, acting within the scope of his authority, when the extent of that authority is understood by the carrier, and there is nothing in the terms of the consignment or in the contract of transportation from which an agreement by the agent to pay for the carriage can be implied. The cases in which an agent has been held liable to pay the freight of goods consigned to him proceed on the ground that, by the terms of bills of lading, as usually drawn, especially in cases of transportation by water, the consignee is to pay the freight. In other words, the carrier undertakes to deliver the property to the consignee, "he paying freight for the same." Whoever accepts delivery under such a bill of lading contracts, by implication, to pay the freight due on them; and if the name of the agent only is inserted in the bill without any designation of the character or capacity as agent for another in which he receives the goods, he is liable individually for the freight, because he thereby becomes an original contractor to pay therefor. These cases rest on the principle that he who accepts a thing which he knows to be subject to a duty or charge, for which he is expected to pay, thereby contracts by implication to take the duty or charge on himself. *Cock* v. *Taylor*, 13 East, 399. *Wilson* v. *Kymer*, 1 M. & S. 157. *Dougal* v. *Kemble*, 3 Bing. 383. *Amos* v. *Temperley*, 8 M. & W. 798. But no case can be found which goes the length of holding, that an agent is liable for the freight of goods sent to and received by him, when his agency is known to the carrier at the time of the delivery of the goods, and when there is no stipulation in the contract of transportation by which the consignee is to pay the freight. In such a case, the essential elements of a contract are wanting. There is nothing from which an intent on the part of the shipper or carrier to charge the agent, or an agreement by the agent to pay the freight, can be inferred. A mere naked consignment to an agent does not make him liable for the freight, where the agency is

known, and there is no stipulation that the consignee shall pay freight.

In the case at bar, there is nothing to show that there was any way-bill or other document by which the defendant, as consignee, was to pay freight on the granite which the plaintiffs transported. It was carried by them for a principal whom they knew, and it was delivered to the defendant with a full knowledge that he received it only as agent, and without any implied agreement that he would be personally liable therefor. Under such circumstances, the instructions to the jury were adapted to the case as proved, and the verdict for the defendant was well warranted. *Exceptions overruled.*