## THE GENEVA, ITHACA AND SAYRE RAILROAD COMPANY, APPELLANT, *v.* WILLIAM H. SAGE, RESPONDENT.

*Lien of a common carrier for freight, when it is lost — effect of parting with the possession of the property — granting a new trial for newly discovered evidence.*

In an action of replevin to enforce a lien for freight upon a horse consigned and delivered to the defendant, it appeared that the car containing the horse arrived at the depot at about eleven P. M ; that the defendant upon being informed of his arrival by telephone asked if the horse could remain in the car until morning, and was informed that it could. In the morning the defendant's servant went to the station and took away the horse. Subsequently, a dispute having arisen as to the amount of freight, this action was brought.

*Held*, that a verdict finding that the plaintiff had voluntarily abandoned its lien upon parting with the possession of the horse would not be reversed on appeal, and that the action could not be maintained.

A new trial will not be granted on account of newly discovered evidence if it is cumulative, nor unless it is clear that, if produced, it would change the result.

APPEAL from a judgment in favor of the defendant, entered on a verdict of a jury, and from an order denying a motion for a new trial made on the minutes of the justice before whom the action was tried, and also from an order refusing a new trial upon a motion made upon the ground of newly discovered evidence.

The action was replevin, to recover possession of a horse, upon which the plaintiff claimed a lien for freight.

*F. E. Tibbetts*, for the appellant.

*White & Nichols*, for the respondent.

HARDIN, P. J.:

February 17, 1883, at plaintiff's freight depot in Ithaca, a horse consigned to defendant arrived, and a telephone message was given to defendant at eleven P. M., to the effect that the horse had arrived. Defendant asked if the horse could remain in the car till morning, and gave directions as to watering and feeding. He was informed that the horse could be kept till morning, and defendant then said to the agent of plaintiff he would send and get the horse in the morning, and was told "all right." He sent his man in the morning and got the horse. Subsequently a dispute arose between defendant and plaintiff's agent as to the amount of freight to be paid, and that was kept along till this suit was brought, two and one-twelfth months after the horse arrived. We think the evidence warranted the trial court in submitting the case to the jury, to find whether plaintiff had, under the circumstances disclosed in the evidence, waived its lien upon the horse, and consented to rely upon the defendant's personal liability to pay the freight bill.

If plaintiff did consent to waive such lien, then this action in replevin ought not to be maintained: The surrender of possession of property is a fact of much importance upon the question of waiver of the lien. (*Bigelow* v. *Heaton*, 4 Denio, 496.) BEARDSLY, J., says in the case just cited, viz. : " A relinquishment of possession by one who has a lien on property, is an abandonment of the lien. This, as a general rule, is entirely settled. By a transfer of the possession the holder is deemed to *yield* up the security he has by means of the custody of the property, and to trust only to the responsibility of the owner or other person liable for the charge.

We see no evidence of trick, fraud or over-reaching on the part of the defendant to obtain possession. It is not suggested that he is not entirely responsible for the freight. We think the jury had evidence upon which they might properly find as they did, that the lien of the carrier had been waived, and the plaintiff and its agents had consented to rely upon the defendant's personal responsibility. We do not feel at liberty to disturb the verdict in that regard. (*Bigelow* v. *Heaton*, 6 Hill, 43 ; *Dart* v. *Ensign*, 47 N. Y., 622.) It was the province of the jury to pass upon the facts and to draw such inferences as the evidence warranted. (*Justice* v. *Lang*, 52 N. Y.,323 ; *Hart* v. *Bridge Co.*, 80 id., 622.) The altercation

between defendant and plaintiff's agents as to a former freight bill had nothing to do with the case, and the court in its charge said so, in clear and positive terms. The court said: "You have nothing to do with the difficulty in regard to the freight at all. You put that entirely aside, strike it out of consideration entirely." (*Lindsay* v. *People*, 67 Barb., 549; affirmed in 63 N. Y., 143; *Ostrander* v. *People*, 16 Weekly Digest, 63; S. C., affirmed in Court of Appeals in 1883, but not reported; *Greenfield* v. *People*, 85 N. Y., 90; S. C., 23 Hun, 454.)

We think the error in regard to receiving the evidence, as to the former freight bill, was cured by the instruction quoted from the charge. We think the affidavits insufficient to present a case for a new trial upon the ground of newly discovered evidence. The diligence to be used prior to the trial was not shown. Besides the evidence proposed, so far as material, was cumulative; the motion was properly denied. (*First Nat. Bank of Plattsburgh* v. *Heaton*, 6 T. & C., 37; *Anderson* v. *Bank*, 19 Wk. Dig., 373.) It is not made clear that the newly discovered evidence, if produced, would change the result. (*Darbe* v. *Elwood*, 2 Hun, 599; *Powell* v. *Jones*, 42 Barb., 24.) We are satisfied with the verdict and the orders.

Judgment and orders should be affirmed, with costs.

BOARDMAN and FOLLETT, JJ., concurred.

Judgment and orders affirmed, with costs.