SAVANNAH BANK AND TRUST COMPANY v. ESTILL.

HILL, J.  1. Where a distress warrant was levied upon the stock of goods of the defendant, consisting of paints, oils, varnishes, wall-paper, brushes, scales, window-sashes, sponges, office fixtures, cash-register, and all other personal property in the defendant's leased store, on the ground that the defendant was seeking to remove his goods from the premises, and a counter-affidavit was filed, in which it was averred that it was not true, as alleged in the affidavit, that the defendant was seeking to remove his goods from the premises, it was not error on the trial to grant a nonsuit, even though the evidence for the plaintiff tended to show that the defendant had sold in job lots and at reduced prices all

of a particular class of goods in the store, and without intention of replacing them with other goods; the evidence tending further to show that the defendant had decided to discontinue carrying that class of goods, but continued to do business with other classes of goods not sold, though the sale had the effect of reducing the amount of defendant's stock of goods. *Estill* v. *Savannah Bank & Trust Co.*, 138 *Ga.* 607 (75 S. E. 659).

(*a*) Nor was it error to grant a nonsuit, although the evidence tended to show that the defendant, some months prior to the levy of the distress warrant, offered to sell his entire stock of goods to another merchant in the same town, provided he would also take over the lease of the store in which the defendant's goods were located; which proposed sale was not consummated.

2. It was not error to exclude testimony that the witness was offered by a clerk in the defendant's store the entire stock of goods in the store for sale, where it did not appear that the clerk had authority to make such offer, and where the evidence of the same witness and of the defendant tended to show that, when he went to the store to take charge of the stock of goods, another clerk in the store informed the witness that the entire stock could not be sold unless the lease of the store was also taken over.

3. It was not error to refuse to continue a case until the following day, to enable the plaintiff to procure a witness, where it appeared that during the trial the plaintiff called a witness of the same surname, who had been subpœnaed but knew nothing of the case, and that the absent witness of the same surname, but of different initials, was in a county different from the one in which the trial was, and by mistake had not been subpœnaed, and that he was a material witness and had testified on a former trial of the case.

(*a*) Nor was it error to reject the testimony of the absent witness, delivered on a former trial, whose testimony was material, although the approved brief of the evidence on the former trial was produced and offered in evidence, it not appearing that the witness was dead, or otherwise inaccessible. Civil Code (1910), § 5773.

> *Judgment affirmed. All the Justices concur.*
> SEPTEMBER 22, 1914.

Distraint. Before Judge Charlton. Chatham superior court. June 25, 1913.

*W. L. Clay,* for plaintiff. *R. L. Golding,* for defendant.