### 6400. BUSH *v.* DEAN.

Irrespective of the purpose of the removal, and without regard to the bona fides of the transaction, a creditor of one who is causing his property to be removed beyond the limits of the State is entitled, under subdivision 6 of section 5055 of the Civil Code, to hold the property within the jurisdiction of the courts of this State by attachment; and the creditor's right to proceed by attachment, where it is conceded that the debtor is causing any portion of his property to be removed beyond the limits of the State, is not affected by the fact that the debtor has other property which might be subjected to the payment of his debt.

DECIDED NOVEMBER 19, 1915.

Certiorari; from Decatur superior court—Judge Cox. January 13, 1915.

*J. C. Hale,* for plaintiff.

RUSSELL, C. J. An attachment in favor of Bush, based upon the ground that Dean was causing his property to be removed beyond the limits of the State, was levied upon a raft of timber floating upon the Chattahoochee river below Bainbridge in Decatur county. The defendant traversed the ground of attachment and also denied the indebtedness. After hearing the evidence on the issues, the justice of the peace sustained the traverse of the ground of attachment and rendered a judgment dismissing the levy, though he awarded the plaintiff a judgment for $75.13, principal, with in-

terest and cost of the suit. The plaintiff sued out a writ of certiorari to this judgment, and upon the hearing the judge of the superior court dismissed the certiorari. The only question raised by the record is whether the evidence upon the issue raised by the traverse was sufficient to support the judgment dismissing the levy of the attachment; and the determination of this question depends upon whether, where a debtor is causing his goods to be removed beyond the limits of the State, a creditor is, as a matter of law, deprived of the remedy of attachment if the purpose of the debtor in removing his property is to convert it into cash with which to discharge his obligation to the creditor.

The ground of attachment stated in the present case is in the precise language of subsection 6 of section 5055 of the Civil Code. The evidence of the constable who levied the attachment established the fact that the defendant was untying the raft of timber and preparing to float it down the Flint river, and thence into the Apalachicola river, with a view to transporting it to Apalachicola, Florida. The defendant in his testimony admitted that at the time the levy was made he was floating the timber to Apalachicola, Florida. It seems to us that this evidence demanded a finding against the traverse of the grounds of attachment, and therefore that the learned judge of the superior court should have sustained the certiorari instead of dismissing it. It is true that it appears from the answer of the magistrate that the purpose of the defendant in floating the timber to Florida was to sell it, and that one of the purposes of the sale was to use the proceeds to pay the defendant's indebtedness to the plaintiff. It also appears in the statement of the magistrate that "the defendant, in his own name, as shown by the digest, was worth about a thousand dollars." Among the reasons given by the magistrate for his decision is the statement that he "did not consider that the defendant was making away with his property and running it out of the county, and that there was no place between where Dean lived and Apalachicola for him to dispose of that raft of timber, as there was no market between the two points." It is evident that the magistrate honestly attempted to decide the case upon equitable principles, but, since equity follows the law, we are unable to concur in his conclusions. The mere fact that the debtor might express an intention to remove his property beyond the limits of the State with a view of selling

it in order to pay his debts will not, as a matter of law, require his creditor to forego his right to levy an attachment in accordance with the provisions of the code section above referred to. In some instances it might be safe for a creditor to adopt this course, but it would not in every case be prudent for a long-delayed creditor to rely upon the mere statement of a debtor that he intends at some indefinite time, or even upon some definite date, to pay a past-due obligation, and the law does not require a creditor to do so. Nor is the case affected by the fact that the debtor may apparently have other property which could be subjected to the creditor's claim. The ground of attachment embodied in subdivision 6 of section 5055 of the code was intended to allow the creditor to preserve in statu quo, and to hold subject to the jurisdiction of the courts of this State, all assets of the debtor.

Under the uncontradicted evidence in this case, the debtor had really placed himself within the ground of attachment; and, while the remedy by attachment, being in derogation of the common law, should be strictly construed, still there are no exceptions to the operation of the law other than those embodied in its terms. The evidence as to the defendant's intention to pay his debt and as to his ownership of other property might have been pertinent had the attachment been based upon the ground that the defendant was fraudulently disposing of his property, but such evidence was wholly irrelevant where the only issue submitted was whether the debtor was in fact causing his property to be removed beyond the limits of the State.      *Judgment reversed.*