### 10484. ARNOLD *v.* BOOTH, executrix.

LUKE, J. 1. The seller of personal property on a credit may take a note for the purchase-price and retain, as security for the debt, a legal title to the property so sold, and in the same instrument, to better secure the debt, title to other personal property may be passed by the purchaser, and, where the note is not paid when due, the seller may recover the property in trover. When the vendor elects to take a money verdict the purchaser of course is entitled to credit for such sums of money as may have been paid upon the note. See *Scott* v. *Glover,* 7 *Ga. App.* 182 (66 S. E. 380).

2. The instrument whereby title to property sold was retained, and title to other property as additional security was conveyed in this case, was not a mortgage, but was, as properly construed by the court, a conveyance carrying title for the security of a debt. See *Ellison* v. *Wilson,* 7 *Ga. App.* 214 (66 S. E. 631).

3. The court did not err in admitting evidence, as between the parties, for the purpose of identifying the animal described in the bill of sale. See *Emerson* v. *Knight,* 130 *Ga.* 100 (60 S. E. 255) ; *Thomas Furniture Co.* v. *T. & C. Furniture Co.,* 120 *Ga.* 879 (48 S. E. 333) ; *Reynolds* v. *Jones,* 7 *Ga. App.* 123 (66 S. E. 395). Such testimony did not vary the terms or render conditional the unconditional promise to pay.

4. The court did not err in excluding from the consideration of the jury testimony of the defendant Arnold with reference to the transaction had with Booth in the present case, which was proceeding in the name of the representative of the estate of Booth. See *Dowdy* v. *Watson,* 115 *Ga.* 47 (41 S. E. 266).

5. The newly discovered evidence, which was cumulative and impeaching in its character, and in addition thereto was contradicted by the counter-showing made by the plaintiff, does not require a new trial.

6. The charge of the court was full and fair and the verdict was authorized by the evidence. For no reason assigned did the court err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., concurs dubitante.*

DECIDED NOVEMBER 7, 1919.

Trover; from Barrow superior court—Judge Cobb. February 28, 1919.

Rosa L. Booth, as executrix of John N. Booth, brought trover against G. N. Arnold for property described in her petition as "a certain dark iron-gray horse mule, about 5 years old, weighing about 900 pounds, of the value of $250," and "one bay horse about 10 years old, weighing about 1000 pounds, named 'Tom Bell,' of the value of $150." On the trial the plaintiff elected to take a money verdict, and such a verdict was rendered. The defendant made a motion for a new trial, which was overruled, and he excepted.

On the trial it appeared that John N. Booth sold to the defendant two mules, and that the defendant executed at the time of the sale an instrument in the form of a purchase-money note to the vendor, with a recital as follows: "This note being to said John N. Booth as contract for one gray mare mule about 11 years old, weight 1000 pounds, one dark iron-gray mare mule 4 years old, weight about 900 pounds." This recital was followed by these words: "It is hereby agreed that the title to said mules shall remain in said John N. Booth until this note is fully paid. . . To better secure the payment of this debt I sell to said John N. Booth one bay horse 9 years old, weighing about 1000 pounds, name Tom Bell, and upon failure to pay this debt when due, said John N. Booth is hereby authorized to take possession of said property and sell same." The instrument was duly attested and recorded. One of the grounds of the motion for a new trial was that the court erred in charging the jury as follows: "The legal effect of this paper, so far as the two mules are concerned, was to retain the title to the mules in John N. Booth until the debt was paid. . . The legal effect of that portion of the paper which refers to the horse called 'Tom Bell' was to vest the title in John N. Booth to secure the payment of the debt. Therefore I charge you as a matter of law that the plaintiff has the right to pursue the remedy which she is pursuing in bringing this action to recover the value of these pieces of property." It was contended that this was error because of variance between the description of the mule in the plaintiff's petition and the description in the instrument referred to, and because as to the horse 'Tom Bell' the effect of the paper was to create a mortgage and not to convey title.

27

Another ground of the motion for a new trial was that John L. Booth was allowed to testify as follows:. "This paper you hand me is a retainer-title note given by Mr. Arnold to my father for one gray mare mule about 11 years old, and one dark iron-gray horse mule 4 years old, given for one dark iron-gray mare mule in the note. The mule was described in the note as one dark iron-gray mare mule, but it was a horse mule. The horse mule sued for is the mule mentioned there (in the note) as a mare mule, and that is the mule upon which I gave the value just now." This testimony was admitted over the objection that it contradicted the description in the note.

Error was assigned on the exclusion of the following testimony of the defendant: "I got the dark iron-gray horse mule sued for from J. N. Booth just before Christmas, 1915, by a swap. I did not give any note for that mule." This was excluded as relating to "a transaction with a deceased person."

The court charged the jury as follows: "As this is a case between the original parties to the contract,—that is, between the executrix of one party and the living party,—a misdescription in the paper, as to the identification of the property in question, would not defeat the right of the plaintiff to recover as to that animal. That is to say, if you are satisfied, from an examination of the paper, that the paper describes an animal but there is a misdescription as to the sex of the animal, and you are further satisfied that it was the intention of the parties to give a retainer of title to an animal of which the defendant was in possession, and that that is the animal which is described in the petition, then the plaintiff would be entitled to rely upon the retainer of title, although it might appear to you that the sex of the animal was wrongly described in the note." Error was assigned on this extract from the charge, on the ground that it allowed a variance of the written contract by parol testimony.

*G. A. Johns,* for plaintiff in error. *Wolver S. Smith,* contra.