12692.　Pioneer Mercantile Company *v.* Freeman.

Stephens, J.　1. In a suit upon promissory notes executed by the defendant to the plaintiff in payment of the purchase-price of the goods sold by the plaintiff to the defendant, the defendant may by counter-claim recover from the plaintiff damages sustained by the defendant by virtue of the breach by the plaintiff of a written contract between the parties whereby the plaintiff covenanted to keep the property sold insured against fire in a certain amount for the defendant's benefit, with loss to be applied to the unpaid purchase-money, and payable to the plaintiff.

2. Where a written contract contains a word which the contracting parties inserted therein and used in a sense different from its proper and accepted sense, and where it appears from the context in which the word is used that it could not intelligibly have been used in its proper and accepted sense, the sense in which the contracting parties intended to use the word may be established by parol.

(*a*)　The word " premium," used in the contract above referred to, whereby it was agreed that one of the contracting parties should keep the property insured against fire, could not have been used in its proper and accepted sense as meaning the amount paid to an insurance company as consideration for insurance, where the contract provides that " the *premium* is payable to " the seller by name, and that such seller " is to retain said insurance policy and is to receive the *premium* in case of fire according to the amount of indebtedness due by purchasers . . ." It is competent, therefore, to establish by parol that the word " premium " as here used is used as meaning that the amount of insurance payable as *loss* in case of fire is payable to the seller.

3. The defendant's plea and counter-claim as amended were good as against all the grounds of the motion to strike, and the court therefore erred in striking the same and in directing a verdict and judgment for the plaintiff.　　　　*Judgment reversed. Jenkins, P. J., concurs.*
Decided July 24, 1922.

Complaint; from city court of Atlanta — Judge Reid.　May 23, 1921.

Application for certiorari was denied by the Supreme Court.

*Austin T. Walden, Anderson, Rountree & Crenshaw,* for plaintiff in error.

*Maddox & Maddox, S. A. Massell,* contra.