13453. SAUNDERS BROTHERS *v.* PAYNE, agent.

1. An assignment of error, that the court erred in excluding certain detailed evidence, which does not specifically point out why the ruling is erroneous, is not sufficient to raise any question for decision. *Wall* v. *Hawker Pottery Co.*, 27 *Ga. App.* 255 (2) (108 S. E. 134).

2. The responsibility of a railroad company as a carrier of goods ceases " with their delivery at destination according to the direction of the person sending, or according to the custom of the trade." Civil Code (1910), § 2730; *Seaboard Air-Line Railway* v. *Salios*, 14 *Ga. App.* 711 (82 S. E. 59).

3. " In order to show that a railroad company was under a duty to notify consignees of the arrival of freight at destination, by reason of its observance of a usage to give such notice, it must be affirmatively proved that the usage was of an established and general nature." There was no evidence in the instant case sufficient to warrant the inference of such a custom. *Seaboard Air-Line Railway* v. *Salios*, supra; *Georgia & Alabama Railway Co.* v. *Pound*, 111 *Ga.* 6 (2) (36 S. E. 312).

4. " Whether goods shipped are delivered by the carrier within a reasonable time is a question of fact for the jury, and depends upon the facts of each case. *Columbus & Western R. Co.* v. *Flournoy & Epping*, 75 *Ga.* 745." *Western & Atlantic Railroad Co.* v. *Summerour*, 139 *Ga.* 545 (2) (77 S. E. 802)'. It appearing by the evidence that although the goods arrived at the railroad-yards of the defendant at 5 o'clock p. m., at a distance of about one and one half miles from the warehouse of the plaintiff, apparently the accustomed place of delivery, where they were later placed on a " siding " for delivery, but that they were not drawn in to this point before 1 o'clock a. m. of the following day, the jury should have been allowed to determine, in view of the perishable nature of the goods — a carload shipment of bananas — and of other evidence in the case, whether the delivery was within a reasonable time, notwithstanding certain evidence introduced on behalf of the defendant tending to show that under circumstances which were given, including its customary way of handling such shipments, it could not reasonably have acted with greater despatch.

5. " In the absence of knowledge, either actual or constructive, to the contrary, the consignee may be presumed to be the owner of the goods

which have been accepted for shipment;" and "such a consignee may direct the manner of the transportation of a shipment addressed to him, and the carrier, in following the directions of such a consignee, will not subject itself to any liability which may result from the consignee's directions (*Western & Atlantic R. Co.* v. *Exposition Mills*, 81 *Ga.* 524 (3 b), 530, 7 S. E. 916, 2 L. R. A. 102), unless the directions involve the omission or non-performance of some service or duty the performance of which is by law made essential in its transportation." *Southern Express Co.* v. *Fant Fish Co.*, 12 *Ga. App.* 447 (78 S. E. 197). See also *Yesbik* v. *Macon &c. R. Co.*, 11 *Ga. App.* 298 (2), 300 (75 S. E. 207).

6. Although, "when a consignee brings suit to recover damages for a neglect of legal duty arising under a special contract of affreightment made in his behalf by the consignor with a common carrier, the consignee is not at liberty to challenge the authority of the consignor to make the shipment under such a contract" (*Bell Bros. Co.* v. *Western & Atlantic R. Co.*, 125 *Ga.* 510, 54 S. E. 532), a provision in the contract of carriage, as made with the consignor in the instant case, that ventilation was to be arranged "on special instructions," did not imply that such instructions should be received only from the shipper, nor that the instructions given by the consignor at the origin of the shipment were so final as to obtain throughout the entire transportation, to the exclusion of subsequent different instructions by the consignee in case of a necessity therefor, arising from a variance of the temperature owing to a change of weather conditions during the course of the transportation, and would not warrant the carrier in ignoring later reasonable instructions by the consignee, as the apparent owner. 1 Michie on Carriers, 477; 56 I. C. C. Rep. 449, 565. See also Federal uniform bills of lading act of August 29, 1916.

7. In view of the principles announced in the three next preceding head-notes, and under the evidence as adduced, there were issues for determination by a jury, and the direction of a verdict in favor of the defendant was erroneous.

DECIDED FEBRUARY 14, 1923.

Action for damages; from Ben Hill superior court — Judge Gower. February 6, 1922.

*Eldridge Cutts,* for plaintiff.

*Wall & Grantham, Crum & Jones,* for respondent.

BELL, J. The plaintiff in error sued J. B. Payne, agent of the United States railroad administration, operating the Atlanta, Birmingham & Atlantic Railroad, for damage alleged to have occurred to a carload shipment of bananas, by reason of the defendant's negligence during its transportation over the line of the defendant, as the last connecting carrier. The shipment originated at Mobile, Ala., and its destination was Fitzgerald, Ga., under a special contract of affreightment in which the Fruit Dispatch Company was the consignor and the plaintiff was the consignee.

The bill of lading was an open or straight bill. The defendant's negligence was alleged to have consisted (1) in a failure to deliver within a reasonable time after the shipment had been received upon its line, and (2). in refusing to honor instructions of the plaintiff as the consignee, in respect to ventilation. The defendant denied the allegations of negligence and contended that after receiving the shipment the defendant handled it with despatch; that the defendant followed the instructions given by the consignor at the beginning of the shipment, and was not required to take any later or further instructions from the consignee. At the close of the evidence a verdict was directed by the court in favor of the defendant. The plaintiff excepted to a later judgment overruling a motion for a new trial.

' The evidence was such as to raise issues for determination by the jury, upon both of the allegations of negligence hereinbefore referred to, and the direction of a verdict for the defendant was error. Another ground of negligence, not yet specifically mentioned, was that the carrier failed to notify the plaintiff promptly of the arrival of the shipment, as it was claimed by the plaintiff the carrier should have done under an alleged universal custom; but upon this point there was not sufficient evidence to raise any issue.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*