14190. STEWART *v.* CITIZENS & SOUTHERN BANK.

BROYLES, C. J. 1. The ruling in *Gresham* v. *Lee*, 152 *Ga.* 829 (4) (111 S. E. 404), that "Under subdivisions (a) and (b) of section 42 of the act establishing the municipal court of Atlanta, a party who has made no oral motion for a new trial, nor appealed to the appellate division thereof from an order denying an oral motion for a new trial, cannot urge that a judgment by that court, on a trial without a jury, is contrary to the evidence; and subdivision (b) denies such a right to a petitioner in certiorari," does not deny the right to the losing party in a case *tried by a jury* in the municipal court of Atlanta, and where the verdict was *directed* by the court, to insist in a petition for certiorari that the direction of the verdict was error, for the reason that the evidence raised an issue of fact which should have been submitted to the jury.

2. It is well settled that questions of diligence or negligence are peculiarly within the province of the jury. "Where the question is one of diligence or negligence, and a particular conclusion is sought to be established from a given state of facts, the jury are the alchemists to make the test, and announce the result." *Snowball* v. *Seaboard Air-Line Ry.*, 130 *Ga.* 83, 86 (60 S. E. 189, 190). In the instant case the evidence raised a question as to whether the defendant's conduct amounted to negligence, and that question should have been submitted to the jury. It follows that the trial court erred in directing a verdict in favor of the plaintiff, and that the judge of the superior court properly sustained the certiorari.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 10, 1923.

Certiorari; from Fulton superior court — Judge Humphries. November 8, 1922.

*McCallum & Sims,* for plaintiff.

*Winfield Payne Jones,* for defendant.