15172.   SCOTT v. THE STATE.

LUKE, J.   The conviction of the defendant being dependent upon the evidence of an accomplice, and there being no corroborating circumstances which in themselves and independently of the testimony of the accomplice directly connect him with the crime, it was error to overrule his motion for a new trial.   See *Baker* v. *State*, 14 *Ga. App.* 578 (4) (81 S. E. 805), and cases cited.

  *Judgment reversed.   Broyles, C. J., and Bloodworth, J., concur.*

  DECIDED APRIL 16, 1924.

Conviction of burglary; from Houston superior court—Judge Malcolm D. Jones.   October 27, 1923.

*Norman E. English,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

---

15175.   FLOWERS v. GEORGIA NORTHERN RAILWAY COMPANY.

Whether delivery by the carrier was made in a reasonable time was a question for the jury, under the evidence in this case, and the court erred in directing a verdict for the defendant.

  DECIDED APRIL 16, 1924.

Action for damages; from Colquitt superior court—Judge W. E. Thomas.   November 9, 1923.

*Hoyt H. Whelchel,* for plaintiff.

*J. J. Hill, J. O. Gibson,* for defendant.

BLOODWORTH, J.   At Moultrie, Ga., W. M. Flowers delivered to the Georgia Northern Railway Company a carload of watermelons, to be transported to Atlanta, Ga., and there delivered to R. T. Cook.   The question as to whether or not the melons were delivered or tendered to Cook within a reasonable time was one peculiarly for determination by the jury, the evidence on this point being conflicting; and the judge erred in directing a verdict, and in overruling the motion for a new trial.   *Saunders* v. *Payne*, 29 *Ga. App.* 615 (4) (116 S. E. 349) ; *Stewart* v. *Citizens & Southern Bank*, 30 *Ga. App.* 112 (2) (117 S. E. 115).

  *Judgment reversed.   Broyles, C. J., and Luke, J., concur.*