## 15343. BROOKS v. FOLDS.

STEPHENS, J. 1. Contracts, even where the rights of strangers are affected, will nevertheless be construed so as to effect the manifest intention of the contracting parties, where such construction contravenes no rule of law. Civil Code (1910), § 4266. In so doing, words contained in the contract will be construed in the sense in which they are apparently mutually employed by the contracting parties, irrespective of their proper and logical meaning. *Pioneer Mercantile Co.* v. *Freeman,* 29 *Ga. App.* 11 (113 S. E. 21). Thus, a promissory note which purports to be given for the purchase money of three mules, titles to which, by the terms of the note, are "reserved" in the payee until full payment of the purchase money, will, although it appears that only two of the mules were in fact purchased by the maker of the note from the payee and the other mule was the property of the maker, be construed as lodging the title to all three of the mules in the payee of the note for the security of the purchase money of the two mules actually purchased. Since the manifest intention of the parties was to secure the indebtedness by conveying the title to the three mules to the payee, the expression in the note providing that title to the property is "reserved" in the payee of the note until the note is fully paid should be liberally construed, in accordance with the clear and manifest intention of the parties, as lodging the title to the three mules in the payee, and should not be narrowly construed, contrary to the manifest intention of the parties, as *reserving* title in the payee to the two mules only to which he in fact had title. See, in this connection, *Arnold* v. *Booth,* 24 *Ga. App.* 416 (100 S. E. 779).

2. Where the mule which had belonged to the maker and which had not in fact been purchased by him, but the title to which had only been, by such reservation of title, conveyed by him as security for the purchase of the other two mules, was levied upon under a mortgage thereon subsequently made by the maker of the note, and where the payee of the note filed a claim of title thereto, the evidence (since there could be no issue of fraud, as the plaintiff in execution became a creditor afterwards) demanded a verdict for the claimant, and the verdict directed by the trial court in behalf of the plaintiff in execution was without evidence to support it.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 11, 1925.

Claim; from city court of Carrollton—Judge Hood. December 11, 1923.

*Samuel J. Boykin, Boykin & Boykin,* for plaintiff in error.
*Smith & Taylor,* contra.