### 18418. DAVIS *v.* THE STATE.

BLOODWORTH, J. None of the grounds of the amendment to the motion for a new trial show any reason for a reversal of the judgment; the jurors, whose province it is to pass upon the facts, have decided the issues raised by them adversely to the contention of the defendant, and, as no error of law was committed on the trial and the verdict is approved by the presiding judge, this court is powerless to interfere.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED DECEMBER 13, 1927.

Kidnapping; from Cook superior court—Judge Knight. July 30, 1927.

*W. D. Buie, H. W. Nelson,* for plaintiff in error.

*H. C. Morgan, solicitor-general, C. E. Parrish,* contra.

Appeal and Error, 4 C. J. p. 864, n. 33; p. 865, n. 39.

### 18463. GOFF *v.* THE STATE.

BROYLES, C. J. Before one can be legally convicted on the testimony of an accomplice, such testimony must be corroborated by other evidence, either direct or circumstantial, which, independently of the testimony of the accomplice, *directly* connects the accused with the offense charged. *Scott* v. *State*, 32 *Ga. App.* 52 (122 S. E. 647), and cit. In the instant case the testimony of the accomplice was not so corroborated, and the refusal to grant a new trial was error.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 13, 1927.

Burglary; from Berrien superior court—Judge Knight. August 13, 1927.

*W. D. Buie,* for plaintiff in error.

*H. C. Morgan, solicitor-general,* contra.

Criminal Law, 16 C. J. p. 698, n. 88; p. 700, n. 92; p. 701, n. 20, 22, 25; p. 702, n. 27; p. 705, n. 41; p. 706, n. 44; p. 1180, n. 70.