18167. BALTIMORE AND OHIO RAILROAD COMPANY *v.* JOHNSON-BATTLE LUMBER COMPANY.

A person who has obtained a diversion of a shipment of goods during transportation by a carrier is not liable for a resulting additional freight charge, where, in ordering the diversion, he was acting as agent for another, and the carrier must have known of this fact.

DECIDED FEBRUARY 18, 1928.

Complaint; from Colquitt superior court—Judge W. E. Thomas. April 15, 1927.

Baltimore & Ohio Railroad Company sued Johnson-Battle Lumber Company for a balance of freight alleged to be due on a shipment of lumber which originated at Dublin, Georgia, and which, after certain diversions, was delivered at Langdon, D. C. The trial upon an agreed statement of facts before the judge without a jury resulted in favor of the defendant, the plaintiff's motion for a new trial was overruled, and the movant excepted. The agreed statement was as follows: "On June 15, 1923, Grogg Lumber Company, of Dublin, Georgia, shipped from Dublin over the Wrightsville and Tennille Railroad to Bethesda, Missouri [said by counsel for the plaintiff to have been intended to read "Bethesda, Maryland"], a car of lumber, described as dressed pine, in car C. B. & Q. No. 97568, prepaying the freight thereon in the amount of $225.30, which was the correct charge therefor. Thereafter, on

Agency, 2 C. J. p. 923, n. 13.
Carriers, 10 C. J. p. 82, n. 91; p. 446, n. 33; p. 447, n. 42 New.

June 21, 1923, said shipment was diverted to Johnson-Battle Lumber Company at Cape Charles, Virginia, by Grogg Lumber Company, said Johnson-Battle Lumber Company agreeing to act as agent for Grogg Lumber Company in the sale of the lumber on commission. Thereafter, on July 2, 1923, Johnson-Battle Lumber Company reconsigned said car of lumber to J. L. Knopp, at Langdon, D. C., the said J. L. Knopp having bought said car of lumber, and the carrier duly delivered said car to the said Knopp. The said Knopp did not pay any additional freight on said car. The principal amount of freight due on said shipment is $167.90. Section 7 of the original bill of lading in said shipment provides, inter alia: 'The owner or consignee shall pay the freight and overage, if any, and all other lawful charges accruing on said property; but except in those instances where it may be lawfully authorized to do so, no carrier by railroad shall deliver or relinquish possession at destination of the property covered by this bill of lading until all tariff rates and charges have been paid. The consignor shall be liable for the freight and all other charges, except that if the consignor stipulates, by signature in the space provided for that purpose on the face of the bill of lading, that the carrier shall not make delivery without requesting payment of such charges, and the carrier, contrary to said stipulations, shall make delivery without requiring such payment, the consignor shall not be liable for such charges.' "

*Waldo DeLoache, Otey B. Mitchell,* for plaintiff.

*P. Q. Bryan,* for defendant.

BELL, J. (After stating the foregoing facts.) Counsel on each side have submitted a number of authorities as supporting their respective contentions. No case has been brought to our attention, however, which seems to be directly in point, and we will decide the case before us upon its own particular facts, in the light of what we deem to be general and unquestioned principles of law.

The right to divert a shipment of goods which are being transported by a common carrier is in the true owner, whether he be the consignor or the consignee, and the right may be exercised although the goods have passed into the hands of a connecting carrier. While it is true that in the absence of knowledge, either actual or constructive, to the contrary, the consignee may be pre-

sumed to be the owner, the ownership may be in the consignor, and where this fact appears he is the proper person to direct the shipment. *Saunders* v. *Payne,* 29 *Ga. App.* 615 (5) (116 S. E. 349) ; 10 C. J. 82. The facts of this case show that Grogg Lumber Company, the consignor, was the owner and was treated as such by the carrier; otherwise it would not have diverted the shipment in the first instance from the original destination and consignee on the order of that company. If the right to divert the shipment was not in the Bethesda Lumber Company, the original consignee, presumably it was not in Johnson-Battle Lumber Company after the diversion by the shipper to that company. Title to property in a person, once proved or admitted, is presumed to continue until the contrary appears. *Haas* v. *Godby,* 33 *Ga. App.* 218 (125 S. E. 897). If the title did not pass from the consignor to the consignee at the origin of the shipment, presumptively it was not conveyed to a third person to whom the shipment was diverted, merely in virtue of such diversion. Then, so far as appeared, Johnson-Battle Lumber Company occupied the same status as did Bethesda Lumber Company, having no right within itself to divert the shipment. It was neither a nominal consignor nor a nominal consignee, and the carrier would not have diverted the shipment on the order of a stranger. While the record discloses that this company, in making the second diversion, was acting as agent for the consignor, it is contended by counsel for the plaintiff in error that knowledge of this fact was not brought home to the carrier. Where the agency is known and credit is not expressly given to the agent, he is not personally liable on the contract (Civil Code (1910), § 3611). But where a person would relieve himself from personal liability on the ground of such agency, he ordinarily has the burden of proving the fact of agency as well as knowledge thereof by the opposite party. *Citizens Nat. Bank* v. *Jennings,* 35 *Ga. App.* 553 (134 S. E. 114) ; 2 C. J. 923.

Did the defendant, Johnson-Battle Lumber Company, carry the burden of proving these facts in the present case? The fact of the agency is conceded. The question is, did the carrier have knowledge of it at the time it diverted the shipment on the defendant's order? While there was no direct evidence upon the point, circumstantial evidence will do, if it is sufficient for the purpose. From what we have said, the carrier must have known

from all the circumstances that the defendant had no authority in its own right to divert the shipment; and since the carrier presumably would not have listened to a stranger, it must either have known of the agency already or have ascertained the fact by inquiry. Wente *v.* Chicago &c. R. Co., 79 Neb. 179 (115 N. W. 859, 15 L. R. A. (N. S.) 756), and cases cited in note. If the defendant, in ordering further shipment, acted only as agent for the consignor, and if the carrier must have known that it so acted, the defendant is not liable for the additional freight charge, although it did not in terms notify the carrier of its agency. Dart *v.* Ensign, 47 N. Y. 619· Great Lakes Coal Co. *v.* Seither Co., 220 Fed. 28; B. & M. R. Co. *v.* Whitcher, 83 Mass. 497. It is our opinion that under the circumstances disclosed in the agreed statement, the trial judge, sitting without a jury, was authorized to find not only that the defendant was acting as the agent of the consignor in making the second diversion, but also that the carrier must have known of this fact. We therefore can not disturb the judgment. There may or may not be other theories upon which the judgment should be affirmed; but if we are right in the conclusion stated, as we think we are, it is unnecessary to go further.

Cited by counsel for plaintiff in error:  C. C. C. & St. L. Ry. Co. *v.* So. Coal Co.,·147 Tenn. 433 (248 S. W. 297); Portland Mills Co. *v.* British &c. Ins. Co., 130 Fed. 860 (65 C. C. A. 344); N. Y. &c. R. Co. *v.* York, 215 Mass. 36 (102 N. E. 366); B. & O. R. Co. *v.* New Albany Box Co., 48 Ind. App. 647 (94 N. E. 906); *Seaboard Air-Line Ry. Co.* v. *Montgomery,* 28 *Ga. App.* 639 (112 S. E. 652); N. Y. C. R. Co. *v.* Platt Coal Co., 236 Ill. App. 150; Pere Marquette R. Co. *v.* Am. Coal Co., 239 Ill. App. 139; Case *v.* Union Pac. R. Co., 119 Kan. 706 (241 Pac. 693); W. & A. R. Co. *v.* Underwood (D. C.), 281· Fed. 891; 10 C. J. 445, 447, § 701.

Cited by counsel for defendant in error:  Davis *v.* City Fuel Co., 157 Ark. 455 (248 S. W. 572); St. L. Ry. Co. *v.* Browne Grain Co. (Tex. Civ. App.), 166 S. W. 40; Wallingford *v.* Bush, 255 Fed. 949 (167 C. C. A. 241); 10 C. J. 446;·2 Hutch. Carriers, § 807-8; 4 Elliott, Railroads, § 1559.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*