### 20105. Allen v. The State.

Broyles, C. J. 1. It is obvious that the indictment in this case, charging larceny from the house, was drawn under section 176 of the Penal Code of 1910; and the indictment charging, and the undisputed proof showing, that the property stolen was of a greater value than fifty dollars, the court did not err in charging that portion only of said section 176 that relates to the punishment of a felony. This ruling disposes of special grounds 1 and 2 of the motion for a new trial.

2. Before one can be legally convicted on the testimony of an accomplice in a felony case, such testimony must be corroborated by other evidence, either direct or circumstantial, which, *independently* of the testimony of the accomplice, *directly* connects the accused with the offense charged. *Goff* v. *State,* 37 *Ga. App.* 471 (140 S. E. 793); *Baldwin* v. *State,* 16 *Ga. App.* 174 (84 S. E. 727).

3. Under the above-stated ruling and the facts of the instant case, it was error, requiring a new trial, for the court to instruct the jury, in effect, that they could not convict the defendant on the testimony of an accomplice, unless such testimony was corroborated by other evidence "which, *in connection with the testimony of the accomplice*" (italics ours) connected the accused with the offense charged.

4. The special assignments of error not dealt with above are without substantial merit. As there must be a retrial of the case, the question as to the sufficiency of the evidence to support the verdict is not now passed upon.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

Decided December 10, 1929.

 ▪ ▪ ▀ ▪ ▪ ▪▪

*Shackelford, Shackelford & Davis,* for plaintiff in error.
*Henry H. West, solicitor-general,* contra.