20263. Moss *v*. Earnest.

Bell, J. 1. In the absence of evidence to the contrary, goods in the hands of a carrier for, or in the process of, shipment are presumed to be the property of the consignee. *Saunders* v. *Payne*, 29 *Ga. App.* 615 (5) (116 S. E. 349); *Baltimore & Ohio R. Co.* v. *Johnson-Battle Lumber Co.*, 37 *Ga. App.* 729, 731 (141 S. E. 678).

2. Where an attachment was issued upon the ground that the defendant was causing his property to be removed beyond the limits of the State, and a traverse of this ground was filed by the defendant, the burden of proof upon the issue thus formed was upon the plaintiff in attachment. *Oliver* v. *Wilson*, 29 *Ga.* 642 (3); *Sutton* v. *Cook*, 159 *Ga.* 505 (2), 511 (126 S. E. 473).

3. The burden as to such issue was not carried in the instant case by evidence which merely showed the issuance of various bills of lading on dates shortly prior to the date of the attachment, covering shipments of goods from a point within this State to points in other states, respectively, and in each of which the defendant in attachment was named as consignor and a third person as consignee; since, in the ab-

sence of other evidence, the presumption was that the title to the goods passed from the defendant to the consignee on delivery to the carrier, and that the carrier then removed or transported the goods for the consignee, and not for the consignor, the defendant in attachment. Compare *Morgan* v. *Colt Co.*, 34 *Ga. App.* 630 (4) (130 S. E. 694).

4. This case is distinguished from *Bush* v. *Dean*, 17 *Ga. App.* 364 (86 S. E. 1075), in which a removal of the property by the defendant in attachment was admitted, and in which it was merely held that the motive of the defendant in removing it was immaterial. As bearing further upon the latter question, see *Estill* v. *Savannah Bank & Trust Co.*, 138 *Ga.* 607 (75 S. E. 659); *Savannah Bank & Trust Co.* v. *Estill*, 142 *Ga.* 447 (83 S. E. 137); 6 C. J. 68.

5. The court did not err in directing a verdict for the defendant on the traverse. *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED AUGUST 29, 1930.

*Roscoe Pickett,* for plaintiffs.

*F. A. Cantrell, J. G. B. Erwin,* for defendants.