## 50960. SIANO et al. v. SPINDEL.

DEEN, Presiding Judge.

1. This is an action by the widow as executrix against Siano, president of Tech Realty Company, Inc., and the corporation for $2,700 claimed owing to the estate. The defendants filed a joint answer denying indebtedness and setting up counterclaims of the corporation against the decedent for $6,000 rent and of Siano for $30,000 for legal malpractice. The case was set for trial on March 5, 1975, and published on the Active List Calendar of the Civil Court of Fulton County in the appropriate newspaper the week of February 24. On

February 28, defendants moved for an order compelling a reply to the counterclaims. The case was removed from the active list and did not appear on the calendar published February 28. Plaintiff, without waiting for a hearing on the motion, filed the desired response on March 3 and prayed that the case be continued on the calendar for March 5, which order was granted the same day. The defendants did not receive notice of this action until noon of March 4, less than 24 hours before the call of the calendar for March 5. They moved to continue the case on the ground that because of these facts they had been unable to subpoena witnesses for the trial.

It was error for the court to force the parties to trial on March 5 under these circumstances. Rule 3 of the Civil Court of Fulton County provides in part: "There shall be but one civil trial calendar in the Civil Court of Fulton County, which shall be made up from the Active List. Said Active List shall be published on Tuesday of each week preceding Friday, the date of making up the trial calendar. The active list shall be published on Tuesday night and the trial calendar on Friday night of each week." Georgia Court Rules, § 643, p. 302. Under these circumstances Code § 81-1410 is not controlling. The parties were entitled to notice that the case was reinstated on the calendar at least in time to serve subpoenas 24 hours before it was called for trial. Failure to give proper notice of trial to an adversary is reversible error. Code § 81A-140 (c); *Wilkes v. Ricks,* 126 Ga. App. 266 (190 SE2d 603).

2. The plaintiff brought suit as executrix of her husband's estate for legal services allegedly performed by him for Siano and Tech Realty. A statement attached to the complaint, prepared by her as his secretary after his death, and in accordance with instructions left by him, showed a balance "carried forward as per agreement 4 April, 1974." Also, in the answer to defendant's counterclaim she stated: "Plaintiff shows that on April 4, 1974, her decedent and the defendants herein entered into an agreement settling all previous dealings prior to said date." It was not error to introduce a handwritten bill containing a note by the decedent to his wife ("Edna- Note: Ralph paid $250 on account 7 June 74 to help in my

expenses on hospital operation. He's a *great* guy.") Nor was it error to introduce the handwritten agreement signed by both parties, the signatures having been identified, dated April 4, 1974, and stating: "Siano will show on Tech Realty books balance due G. D. Spindel as settlement all previous dealings prior to this date the sum of $2800.00 and office rent will apply starting April 1, 1974, at rate of $50 per month. Any further legal or other professional work by Spindel to be billed on hourly basis." The itemized bill was not objectionable because referring to an account stated on a complaint denominated open account. The contract between the parties was relevant to establish the amount due and beginning point for the account in accordance with a prior settlement agreement. *Stone v. First Nat. Bank of Atlanta,* 117 Ga. App. 802 (2) (162 SE2d 217).

3. It is further contended that if these documents were admissible they bound only the corporation, in view of the statement "Siano will show on Tech Realty book balance due Spindel," etc. The paper was headed: "Agreement between Ralph Siano and G. D. Spindel this date is": and it was signed: "Gilbert D. Spindel Tech Realty Co Inc R A Siano" on three lines. Thus, the agreement purports to be between Siano individually and Spindel, and while Siano signed both his name and that of the corporation of which he was in fact president he failed to indicate the capacity in which he was signing. "Whether or not the fact of the agency and the identity of the principal were disclosed or known to the other contracting party is a question of fact which may be shown by direct or circumstantial evidence. 3 AmJur2d 678, § 320. And to relieve himself of personal liability the agent ordinarily has the burden of proving by direct or circumstantial evidence the fact of agency as well as knowledge thereof by the opposite party. *Baltimore &c. R. Co. v. Johnson-Battle Lmbr. Co.,* 37 Ga. App. 729, 731 (141 SE 678). The contract may, depending upon the facts and circumstances, be impliedly one with the agent in his individual capacity." *Chambliss v. Hall,* 113 Ga. App. 96, 99 (147 SE2d 334). In that case it was held a jury question whether the party signed as a partner or an individual. In the present case the contract is definitely between Siano

and Spindel; the contract so recites, and Siano did not sign in any capacity as agent or officer of the corporation. What is not clear, however, is whether it was the intention of the parties, in agreeing to place the indebtedness on the books of the corporation, to render the corporation solely liable for the debt. It is not clear whether the original indebtedness was against Siano individually or not, nor whether Siano had the authority by an individual undertaking to transfer the indebtedness to the corporate account (if it was a transfer) and if so whether the corporation became solely liable thereon. The agency was doubtless disclosed, but it must also appear "whether credit was extended to the agent in his own right or to the principal on whose behalf the agent was acting." *Yarbrough & Co. v. Travis Pruitt & Associates,* 130 Ga. App. 49, 50 (202 SE2d 227). Enumerations of error 7 and 8 thus both involve factual issues which will be determined when the case is tried again.

4. Enumeration of error 6 complains that the court erroneously sustained objections to testimony offered by the defendant Siano "concerning the amount of the indebtedness and the counterclaims" as in contravention of Code § 38-1603 (1), the so-called dead man's statute. The testimony in question is not identified, except by a general reference in the defendant's brief to six pages of transcript. Appellant concedes that the testimony he has in mind comes under the dead man's statute, but contends that it falls under the exception stated in Code § 38-1603 (6) which provides that where the action is initiated by a personal representative who offers a witness *interested in the event of the suit,* and that person testifies to transactions or communications of the surviving party with the deceased, the surviving party may be examined "in reference to such facts."

Under the general rule set out above, the plaintiff executrix is a person interested in the result of the suit and the defendant may not testify with reference to his transactions with the deceased. *Arnold v. Booth,* 24 Ga. App. 416 (4) (100 SE 779); *Hill v. Merritt,* 146 Ga. 307 (1) (91 SE 204). The exception in subdivision (6) deals with situations where the executrix, or someone offered by her as a witness, has testified to transactions with the

deceased and the surviving party is then examined as to *such facts,* meaning the transaction or communication about which the plaintiff has already offered testimony. We do not find that the testimony of the defendant excluded by the court is about any transaction or communication as to which the plaintiff has offered testimony. However, since this depends upon what testimony was objected to, as well as what other testimony was offered pertaining to the *same* transaction or communication, and since we are not cited to other testimony under which it would be an admissible exception, but in particular because the case is to be tried again and the evidence will undoubtedly not be identical, we do not rule on Enumeration 6 except to observe that it would not be admissible under Code § 38-1603 (1), and whether or not it would be admissible under Code § 38-1603 (6) depends upon whether it refers to a transaction or communication as to which the executrix, on the retrial, first offers evidence in chief.

*Judgment reversed. Evans and Stolz, JJ., concur.*

SUBMITTED SEPTEMBER 8, 1975 — DECIDED SEPTEMBER 30, 1975 —
REHEARING DENIED OCTOBER 23, 1975.

*Feagin, Feagin & Strickland, John E. Feagin, Jr.,* for appellants.

*Webb, Parker, Young & Ferguson, John Tye Ferguson,* for appellee.