No. 109.—REUBEN T. DOBBS and another, plaintiffs in error, *vs.* THE JUSTICES OF THE INFERIOR COURT OF MURRAY COUNTY, defendants.

[1.] Process appearing to be regular upon its face, the official attestation of the proceedings is *prima facie* evidence of the genuineness of its execution.

Dobbs and another *vs.* The Justices, &c.

[2.] The law requires that a bond be taken before suing out an attachment; but it does not make it necessary for the Magistrate to attest it; and it is not sufficient if it be found with the other papers in the proceeding—the attachment stating upon its face that the bond was given in terms of the law.

[3.] Where both of the joint-debtors reside out of the State, the affidavit of the attaching creditor need not recite that the indebtedness is upon a joint contract.

[4.] Original papers, if to be procured, are always better evidence than copies; and the latter are allowed only from necessity or convenience.

[5.] If the admissions of the *principal* are made during the transaction of the business for which the surety is bound, they become a part of the *res gestæ*, and are admissible ; otherwise, they are not.

[6.] An officer who is sued for not selling property levied on by attachment, may prove, in his defence, paramount title in another.

[7.] The Act of 1818 prescribes $500 as the amount of a Constable's Bond in the counties, and $1000 in a town or city; in a suit upon the latter : *Held*, that it is not incumbent upon the plaintiff to aver and prove that it was taken in a town or city.

[8.] The rule in criminal cases, that where an offence is created by Statute, and there is an exception in the enacting clause, that it is for the indictment to charge and the proof to show, that the defendant does not come within the exception, is not applicable to civil proceedings.

[9.] The averment of neglect of official duty, though negative, ought to be supported by *some proof* on the part of the plaintiff.

[10.] Generally, in actions against defaulting officers, the measure of damages is the injury sustained.

[11.] Plaintiff's debt is, *prima facie*, the measure of his damages.

[12.] If the wrong be wilful on the part of the officer, the Jury may give more than the amount of the debt, by adding to it the cost and incidental expenses incurred. It is competent, however, for the officer to prove in mitigation, any facts which show that the plaintiff has suffered nothing or but little by his *unintentional* fault.

[13.] If the wrong done be not wilful or fraudulent, and the plaintiff is not placed in a worse situation than he otherwise would have been, had the officer discharged his duty, the Jury will be at liberty, and it will be their duty to see, that a mistaken officer is not made to pay greater damages than the plaintiff has suffered.

[14.] In the latter class of cases, that is, where the delinquency is unintentional, the officer may show, in mitigation of damages, that the debtor was insolvent; or that for any other reason, the plaintiff has not been damnified.

Debt, in Murray Superior Court. Tried before Judge TRIPPE, April Term, 1855.

This was an action brought by the Justices of the Inferior Court, for the use of James Forsyth against William Weems, principal, and Reuben T. Dobbs and John Devers, securities, on a Constable's bond, to recover damages for not returning an attachment, levied by Weems, as Constable, at suit of Forsyth, on a wagon and horses, as the property of one Enos H. White.

A return of "*non est inventus*" was made as to Weems.

On the trial, the plaintiff produced an attachment against White, with an entry of levy signed by Weems.

It was objected to, on the ground that there was no proof of its execution; and also, that the attachment bond was not attested. Both objections were over-ruled, and defendants excepted.

Plaintiffs then offered in evidence, as the foundation of the attachment, a note of Enos H. & A. R. White, for $512, credited by some thirty dollars, and amounting, with the interest, to more than $1,000. Objected to, as not sustaining an attachment against Enos H. White alone. The objection was over-ruled, and defendants excepted.

Plaintiffs then offered the bond in the sum of One Thousand Dollars, signed by defendants and properly attested.

To which being admitted as evidence, Counsel for defendants objected, on the ground that the law requires such bonds to be recorded, and a copy from the record properly certified, is the best evidence in such case, and should have been procured in this case ; which objection the Court over-ruled, and defendants' Counsel excepted. Plaintiff then introduced William P. Hackney, who swore that he heard a conversation between Weems, Forsyth and Augustus N. Hargroves, Esq. Attorney for said Forsyth in said attachment, relative to the levying of an attachment at the time it was levied, in favor of Forsyth against E. H. White, as he understood the conversation; he thought said conversation took place in the spring of 1848, in Dalton.

Forsyth inquired of Weems where the property levied on by his attachment was ?   Weems pointed to the wagon and three horses and said the property was there.   Forsyth inquired for the other horses.   Weems replied, he had permitted said White to take them down to the shop to have them shod.   Forsyth told Weems, White was a slippery chap and he had better watch him close.   Weems said all would be right.   Witness thinks the horses and wagon were worth about four or five hundred dollars.   I would say the whole property levied on worth five hundred dollars.

Defendants' Counsel objected to the giving in of Weems' sayings to charge the defendants.   The Court over-ruled the objections, and defendants' Counsel excepted.

Plaintiff then proved by John Forsyth, that at the time said attachment issued, both E. H. and A. R. White lived out of the State of Georgia.   Plaintiff here closed his testimony.

Defendants then proposed, by way of mitigation of the damages, to prove that the legal title of the property levied on was not in the defendant in said attachment, but was in another; and that, therefore, the plaintiff had not been injured.   Plaintiff's Counsel objected to this testimony, which objection was sustained by the Court, and the testimony ruled out, and defendants' Counsel excepted.

The cause being closed, the Counsel for defendants asked the Court to charge the Jury, that the bond being in the sum of One Thousand Dollars was illegal and void, unless the plaintiff had proved that it was given in a city or town, and that being an exception to the general rule, the burden of the proof was on the plaintiff, to show it was given in a city or town; and that if the Jury should find that plaintiff had not proved this fact, they must find for defendants; the Court refused so to charge, but charged the Jury, that the defendants having executed said bond, it devolved on them to show the fact, if it existed, that the bond was not taken in a city or town district, and that on their failing to do so, said bond was obligatory on them; and defendants' Counsel excepted.

Defendants' Counsel also requested the Court to charge the

Jury, that as the issue in this case is, whether Weems returned the attachment or not, and as the law presumes every officer does his duty, it was necessary for plaintiff to show that Weems had failed to return said attachment according to its requirements; and that if they should find no testimony had been given in to show such failure, that they must find in favor of defendants. The Court refused so to charge; but on the contrary, charged the Jury, that as plaintiffs had sued defendants, for said Weems having failed to return said attachment and having shown that Weems, the Constable, levied on the property, it was necessary for the defendants to show that said Weems had done his duty in the premises; to which charge and refusal to charge, defendants' Counsel excepted.

The Court farther charged the Jury as follows: that if they should find in favor of the plaintiff, the measure of damages would be the amount of his debt against White; but they could not go beyond the amount of the bond, one thousand dollars.; and defendants' Counsel excepted.

The Jury rendered a verdict in favor of the plaintiff for the amount of the bond, one thousand dollars, with costs of suit. And Counsel for defendants tender their bill of exceptions, and say—

1st. The Court erred in admitting said attachment bond and levy.

2d. That the Court erred in admitting said sealed promissory note, made by E. H. & A. R. White.

3d. The Court erred in admitting in evidence the original bond of Weems and defendants.

4th. The Court erred in admitting the sayings of Weems, to charge defendants.

5th. The Court erred in repelling defendants' testimony, offered to prove that the title to the property levied on was not in defendant, White, and said property was subject to said attachment.

6th. The Court erred in charging the Jury, as it did, that the burden of proof was on defendants, to show that the Con-

stable had done his duty, and that the bond was taken for too large an amount.

7th. The Court erred in refusing to charge as requested by defendants.

8th. The Court erred in charging the Jury as to the measure of damages.

WRIGHT; WALKER, for plaintiff in error.

AKIN, for defendants in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The first error assigned is, that the Court admitted the original attachment to go in evidence to the Jury, without requiring proof of its execution.

The official attestation of the papers, is *prima facie* proof of their genuineness, and casts the burthen upon the party denying it.

[2.] The next complaint is, that the attachment bond was not attested by the officiating Magistrate. The law does not require that it should be. Bond, says the Statute, must be taken; and the Justice who issued the attachment, recites, in the face of it, that bond and security were given in terms of the law, in such cases made and provided. Besides, the bond is attached to the other papers, and appears with them in the record of the proceeding.

[3.] It is objected, that the affidavit charges Enos H. White as being indebted to deponent, when the note produced on the trial was the partnership note of E. H. & A. R. White.

We see no necessary repugnance between the oath and the proof. It is true, that where a declaration charges a joint indebtedness to maintain the action, it must be proved as laid. And so, *e converso*, if the declaration charges individual indebtedness against the defendant, the evidence should correspond. (2 *T. R.* 478. 1 *Chitty's Pl.* 31. 1 *East.* 52.)

Where one of the joint debtors is dead, however, or a certif-

icated bankrupt, the declaration need not notice such a party, though, perhaps, it is more formal to do so. (1 *Chitty's Pl.* 28, 42. 1 *Johns. Cas.* 405. 1 *Barn. & Ald.* 29. 4 *Ibid,* 452.)

Here it appears, from the testimony, that both of the Whites resided out of the State. One of them sent property into the State, which was attached. Why not treat the other as actually or civilly dead? In other words, not notice him at all in the proceeding?

Besides, the alleged defect here is in the oath, which is never supposed to set forth the contract upon which the indebtedness is founded. That is left for the declaration, to be subsequently filed in the case.

Either this is a sound view of the subject, or else, there is a *casus omissus* in our Law of Attachments. An attachment would never lie against one of two joint debtors, provided the ordinary process of law could be served on the other. No such defect, we apprehend, exists in the law. If it does, the sooner it is remedied the better.

[4.] The Statute allows certified copies of official bonds to be sued upon; and the argument is, that this *permissive* Act makes the copy better evidence than the original. Such is not our understanding, either of the meaning of the Act or the philosophy of evidence. Original papers are always better testimony than copies; and the latter are allowed to be used only from necessity and convenience.

[5.] We are next to consider the admissions of a *principal* as evidence in an action against his *sureties*. If made during the transaction of the business for which the surety was bound, so as to become part of the *res gestœ*, they have been held admissible; otherwise, not. (1 *Greenlf. on Ev. 6th Ed.* §§187, 188.)

The proof in this case is stronger even than the foregoing rule. It goes to the conduct rather than to the sayings of the Constable. He pointed to the property while in his custody, as that upon which he had just levied the attachment.

[6.] It is contended that the Court erred in refusing to al-

low the defendants in the Court below the privilege of showing that the property levied on was not subject to the attachment.

Under the stringent rule laid down by this Court, in *Crawford, Governor, &c. vs. Word, Wofford and others,* (7 *Ga. R.* 445,) the Circuit Judge was right, perhaps, in repelling the proof to this point. But the doctrine in that case has been modified; and under our present view of the law, as announced during this term in *Taylor vs. The Governor, &c.* we held that an officer who is sued for not selling property levied on by attachment, may prove a paramount title in another in his defence. Under an execution or attachment against A, it would be trespass in the officer to seize the property of B.

[7.] Counsel for defendants below asked the Court to charge the Jury, that the bond being in the sum of one thousand dollars, was, *prima facie,* illegal and void, and that it was incumbent on the plaintiff to show that it was given in a city or town, and thus bring it within the exception to the general law. The Court refused to give the instruction requested; and on the contrary, held, that the *onus* was upon the defendants, to show that the obligation into which they had voluntarily entered, was not binding.

The Act of 1818 provides, that "each and every Constable shall give bond with two or more securities, to be judged of by the Justices of the Peace in their respective districts, in the sum of $500, (unless said district be in a town—and in that case, $1.000) for the faithful performance of the duties of their office as Constable." (*Cobb's Dig.* 206.)

Cities and towns in this State, as well as Militia Districts, are all created by law. And it is by no means certain but that the Courts are bound to know whether a particular district for which the Constable is qualified, be or be not within a town or city. But we are clear, that the rule of criminal pleading, that where an offence is created by Statute and an exception is made, not by another Statute nor by another and substantive clause of the same Statute, but in the enacting clause, that it is for the indictment to charge and the proof to

show, that the defendant does not come within the exception—
does not apply to civil cases. The rule in civil and criminal
proceedings is different, in this respect, and for manifest rea-
sons which need not be elaborated.

. The Circuit Judge was right, in our opinion, in holding that
it was incumbent on the defendants to prove the negative,
namely: that Weems was not a Constable in a town or city at
the time of executing the bond.

[8.] It is alleged as error, that the Court charged the Jury
that the *onus probandi* was upon the securities to show that
their principal had done his duty.

[9.] The averment of neglect of official duty, though nega-
tive, ought, it would seem, to be supported by some proof on
the part of the plaintiff, since a breach of duty is not to be
presumed; but from the nature of the case, very slight evi-
dence will be sufficient to devolve on the defendant the burden
of proving that his duty has been performed. (1 *Greenl.* §78,
81. 2 *Id.* §584.)

In this case, the Jury were told, in substance, that the pre-
sumption was against, instead of being in favor of the party
charged with official neglect of duty; and it does not appear,.
from the proof, but that the attachment papers may have been
taken from the Clerk's office, the proper place for returning
such process.

[10.] Lastly, the Court charged the Jury, that the measure
of damages would be the amount of the debt, provided it did
not exceed the penalty of the bond; in that event, the amount
of the bond would be the measure of damages.

Here, again, the Judge was governed by the decision of this
Court in the *Governor, &c. vs. Wood et al.* already referred
to. And if there be error in this charge, and we hold there is,
the fault lies at our door—*my* door—and our brother is blame-
less. The measure of damages is the injury sustained, what-
ever that be.

[11.] Generally, the plaintiff's debt is *prima facie* evidence
of the extent of the injury which he has sustained by the offi-

cer's breach of duty, in regard to the service and return of the process.

[12.] And cases may occur where the Jury may give even more than the amount of the debt, if they believe the wrong was wilful on the part of the officer, by adding to it the costs and incidental expenses incurred. Yet, it is competent for the officer to prove, in mitigation of the injury, any facts which show that the plaintiff has suffered nothing or but little, by his unintentional default or breach of duty. (2 *Greenlf Ev.* §599.)

[13.] On the other hand, if it should be apparent that the wrong done by the officer was not the result of a design to injure, and that by it the plaintiff is not placed in a worse situation than he would have been in had the officer done his duty, the Jury will be at liberty, and it will be their duty to see, that a mistaken officer is not made to pay greater damages than the party has actually suffered by his wrong. (*Ibid.*)

[14.] In cases, therefore, of the latter description, the Sheriff is permitted to show, in mitigation of damages, that the debtor was poor and unable to pay the debt, or that for any other reason the plaintiff has not been damnified. (*Ib.*)