MOSES M. SMITH, plaintiff in error, *vs.* S. G. RILEY, defendant in error.

1. Under the Act of 1856, giving a common law remedy against trustees and trust estates, the process of attachment does not lie against a trustee, as such.

Attachment, in Campbell Superior Court, decided by Hon. DENNIS F. HAMMOND, at August Term, 1860.

Moses M. Smith sued out process of attachment, predicated upon an affidavit, "that S. G. Riley, trustee for Lucinda Riley, and her children," was justly indebted to him in the sum of $860 00, and that said S. G. Riley then resided out

Smith *vs.* Riley.

of the State of Georgia, so that the ordinary process of law could not be served on him.

The attachment was levied on lot of land No. 30, in the 3d district of Campbell county, with a saw mill thereon, a lot of lumber, twenty-two head of hogs, a sorrel horse, and a carding machine.

When the case was called, the presiding Judge, on motion of counsel for defendant, dismissed the attachment, on the ground, that a levy upon trust property did not give jurisdiction of the trustee upon a personal indebtedness, and that the trustee absconding, etc., did not subject the trust property to attachment. This decision is the error alleged.

LATHAM, for plaintiff in error.

W. M. BUTT, for defendant in error.

*By the Court.*—LUMKIN, J., delivering the opinion.

This record reminds me of the famous controversy as to the number of children the wife of John Rogers, the martyr, had. If the nine that followed their mother to the stake was exclusive of the one at the breast, why, then, she had ten, if inclusive, nine.

If this attachment is against Riley, *as trustee*, under the Act of 1856, giving a common law remedy against trustees, then it will not lie. The statute does not provide for attachments. Indeed, its terms would necessarily exclude this process. If, on the other hand, it is an attachment against S. G. Riley, in his individual character, and although admitted in the argument to be the other way,—and I am strongly inclined to think the pleader so intended it—then the proceedings should be sustained.

One of the best modes of testing this question would be to inquire on whose property the levy was made? Was it the individual property of S. G. Riley, or the trust estate of Lucinda Riley and her children, in S. G. Riley's hands? If the latter, the proceeding is illegal and void. If the former,

although there is much confusion in the record, I do not see but that the attachment may be sustained.

It was this that produced the difficulty, I apprehend, in the Court below, and which creates the difficulty in this Court. The very idea of suing out an attachment against a trustee, because he resides out of the State, is an absurdity. It cannot be done, and this is all we decide.

Let the judgment be affirmed.