COX *v.* HENRY *et al.*

1. An attachment will not lie, in this State, against a trustee on the ground of non-residence.
2. Where an attachment was issued against several parties, and a declaration was filed by the plaintiff, founded upon this attachment, in which he alleged that these several parties were indebted to him in a certain sum upon a promissory note thereto attached, the declaration being against all of the defendants jointly, and the attached copy of the note showing that only one of the defendants had signed the note, the court did not err in dismissing the declaration and attachment on motion of some of the. defendants.   When two or more persons are sued jointly by attachment on an alleged contract, and the contract, attached as an exhibit to the declaration, shows that only one of the defendants is liable, the plaintiff can not recover.
3. An amendment to the declaration, in which it was alleged that the defendants who had not signed the note had agreed in writing to pay off the same when it became due, was properly disallowed as setting out a new cause of action.

Submitted March 2, — Decided April 26, 1901.

Attachment.   Before Judge Estes.   Dawson superior court. August term, 1900.

*Dean & Hobbs,* for plaintiff.
*H. H. Perry* and *J. C. Boone,* for defendants.

SIMMONS, C. J.   It appears from the record that Cox sued out an attachment against " W. D. Henry, trustee for A. B. Spain, E. J. Booker, J. M. Pannell, W. L. Pannell. S. L. Henry, W. D. Henry,. and O. F. James, and the said W. D. Henry, A. B. Spain, E. J. Booker, J. M. Pannell, W. L. Pannell, S. L. Henry, and O. F. James." This attachment was based on the ground that the defendants were all non-residents.   Levy was made on the mineral interests in certain land and on certain personal property.   At the return term of the attachment the plaintiff filed his declaration.   This declaration alleged that the defendants were indebted to the plaintiff in the sum of $500 on a certain promissory note attached to the declaration. The note attached was signed by " W. D. Henry, trustee."   At the. trial term several of the defendants appeared and moved to dismiss the action, because (1) an attachment will not, in this State, lie against a trustee because of his non-residence; and (2) the declaration was against all of the defendants jointly, while the note attached bound Henry only.   The plaintiff offered an amendment alleging in substance that, while the note was signed only by Henry as trustee, the other defendants had agreed in writing, for a valuable consideration, to pay off the note when it became due.   The. trial judge sustained the motion to dismiss as to the parties moving,. and afterward dismissed the proceeding as to the other defendants..

1, 2.  It is now well settled in this State that an attachment will not lie against a trustee on the ground that he is ·a non-resident. *Smith* v. *Riley*, 32 *Ga.* 356; *Burns* v. *Lewis*, 86 *Ga.* 598.   The declaration also alleged that Henry and the other defendants were as individuals indebted upon the note which was attached to the declaration.   A careful reading of the declaration will show that· this count declared against all of the defendants as joint promissors, and alleged that they were jointly liable.   The note attached to the declaration was signed " W. D. Henry, trustee," and bound' him personally.   The note made the debt that of Henry individually. There was no motion to amend by striking out the other defendants and to proceed against Henry alone.  · The suit, then, was joint, and the exhibit showed that but one of the defendants was bound by the contract sued on.   The note was the alleged evidence of the indebtedness of Henry and of all of the others.   When in a declaration filed in the short form it is alleged that the note sued on is attached, such note becomes a part of the declaration, and should be

considered in construing the declaration. *Atkins* v. *Cobb*, 56 *Ga.* 86. The present declaration was against the defendants jointly, while the note attached showed only the individual promise of one of the alleged promissors. In the case of *Harriman* v. *Church,* 63 *Ga.* 186, this court held: "When two are sued by attachment on an alleged joint contract, the evidence must establish a joint liability, or the plaintiff can not recover." This is true generally where suit is brought jointly against two or more persons as joint promissors. See *Rogers* v. *Burr*, 105 *Ga.* 432, and cases cited. It may be argued that the court should have looked to the affidavit made by the plaintiff and upon which the attachment was founded, and also to the attachment itself, and that by so doing it would be discovered that the affidavit and attachment showed that the suit was joint and several and the declaration good as against Henry, the maker of the note. We think that the court should not, upon a demurrer or a motion to dismiss the declaration in a case like the present, look to the affidavit and attachment. As was said in the case of *Dobbs* v. *Justices*, 17 *Ga.* 624, 630, the affidavit "is never supposed to set forth the contract upon which the indebtedness is founded. That is left for the declaration to be subsequently filed in the case." Even if, in the present case, the court had looked to the affidavit and attachment, it would have been difficult to determine whether the suit was upon a joint or a joint and several contract. The plaintiff, however, determined that matter when he filed a declaration alleging the contract to be joint.

3. The plaintiff offered to amend the declaration by setting out why the note was signed by but one of the defendants, and alleging that the other defendants had agreed in writing, for a valuable consideration, to pay the note when it became due, the agreement having been accepted by the plaintiff. The court refused to allow the amendment, and we think the ruling was correct. It seems to us that by the amendment it was sought to add a new cause of action. The original was predicated upon a promissory note signed by one of the defendants, and it was proposed to amend by suing on another writing by which the other defendants agreed to pay this note, not as a part of the original undertaking, but as a separate and distinct promise to pay the note when it became due. This is the inference or conclusion which must be drawn from the allegations in the amendment. The written contract or promise

not having been attached, neither this court nor the trial judge could say whether the effect of the writing was correctly set forth. As containing a new cause of action, the amendment was properly disallowed and refused.

*Judgment affirmed. All concurring, except Lewis, J., absent.*