## SUTTON *v.* COOK.

1. The defendant filed an application to dissolve the attachment which had been sued out by the plaintiff under the provisions of section 5088 of the Civil Code relating to attachments against fraudulent debtors, and in the application denied the material allegations in plaintiff's petition with respect to any fraudulent intent on his part to hinder or delay his creditors, and alleged, on the contrary, that certain transfers of his property, alleged to have been fraudulent, had been for good and valuable consideration. The plaintiff demurred generally and specially to the application. The defects in the application pointed out by the special demurrers were cured by amendment, and the application was sufficient to put in issue the material allegations in the plaintiff's petition charging fraud and the attempt on the part of the defendant in error to hinder and delay creditors. Taken as a whole, the application to remove the attachment set forth a good defense to the charges upon which the issuance of the attachment was based.

2. On a hearing of the issues thus made by the petition and the application to remove the attachment the court properly held that the burden of proof rested upon the plaintiff in the proceedings.

3. Under the evidence the court was authorized to render the judgment complained of, removing the attachment.

No. 4499. JANUARY 13, 1925.

Attachment.    Before Judge Custer.    Miller superior court. July 8, 1924.

*P. Z. Geer* and *T. S. Hawes,* for plaintiff.

*Jesse A. Drake* and *W. L. Bryan,* for defendant.

BECK, P. J.    This was a proceeding under the provisions of § 5088 of the Civil Code, and known as a fraudulent debtor's attachment. On the third day of June, 1924, Mrs. Charles M. Sutton filed suit against G. W. Cook Sr., in the city court of Miller County, on two promissory notes totaling $1400 principal, besides interest thereon. On the 11th day of June the plaintiff procured ex parte an attachment under the provisions of the statute referred to above, by virtue of which a levy was made on certain property of G. W. Cook Sr. Cook filed an application to dissolve the attachment, and in the application denied the material allegations in plaintiff's petition with respect to any fraudulent intent on his part or any intent to hinder or delay his creditors, and on the contrary alleged that all transfers of his property complained of had been for good and valuable considerations. The plaintiff demurred generally to defendant's application to remove the attachment, and also demurred specially. Defendant then amended his application, to meet the objections of the special demurrer. At the hearing of the

application to remove the .attachment the court ruled that the plaintiff should assume the burden of proof, which ruling was contrary to the contention of the plaintiff. The court also overruled plaintiff's demurrer, and heard the case on the evidence submitted at the interlocutory hearing, rendering a judgment in favor of the defendant; and the plaintiff excepted.

1. The attachment in this case was issued under the provisions of section 5088 of the Civil Code. That section provides: "Whenever a debtor shall sell, or convey, or conceal his property liable for the payment of his debts, for the purpose of avoiding the payment of the same, or whenever a debtor shall threaten or prepare to do so, his creditor may petition the judge of the superior court of the circuit where such debtor resides, if qualified to act, and if not, the judge of any adjoining circuit, fully and distinctly stating his grounds of complaint against such debtor, and praying for an attachment against the property of such debtor liable to attachment, supporting his petition by affidavit, or testimony if he can control the same." In section 5090 it is provided that when the creditor sues out an attachment under the provisions of the statute in compliance with its provisions, the judge of the superior court to whom the petition for the attachment is presented "may then grant an attachment, to be issued in the usual form, and directed as usual, and which shall be executed as existing laws provide, and subject to existing laws as to traverse, replevy, demurrer, and other modes of defense; or such judge may, if he deem it more proper under the circumstances of the case as presented to him, before granting such attachment, appoint a day on which he shall hear the petitioner, and the party against whom an attachment is prayed (providing in his order for due notice to said party), as to the propriety of granting such attachment; and if satisfied upon such hearing that such attachment should not issue, he shall not grant the same; but if satisfied that the same should issue, he shall grant an attachment, to be governed and regulated as herein provided for attachments to be issued when no hearing is had." And section 5091, immediately following the one last quoted, provides: "If the party whose property has been attached without a hearing, as provided in the preceding section, desires so to do, he may apply to said judge, stating fully and distinctly the grounds of his defense, showing why such attachment should not have

been issued, or should be removed, supporting the same by affidavit, or such other testimony, by affidavit or otherwise, as he can control; such judge shall then appoint a time and place for hearing both parties plaintiff and defendant, providing for due notice to all persons interested, allowing them full opportunity to sustain their respective cases, as in applications for injunction, and may then, upon a review of the law and facts of the case, make such order in the premises as is consistent with justice, either totally or partially removing such attachment, or wholly or partially retaining the same, or disposing of the same in some manner which would be equitable and just to all parties." In the present case the judge did not "appoint a day on which he should hear the petitioner, and the party against whom an attachment was prayed, as to the propriety of granting such attachment," but, exercising the authority conferred by the statute, granted the petition for attachment upon the ex parte showing; and subsequently the defendant whose property had been attached without a hearing made application to the judge, setting forth the grounds which he claimed were valid grounds showing that such attachment should not have been issued and should be removed, and subsequently amended his petition for the removal of the attachment. The application for the removal of the attachment was demurred to by the plaintiff upon several grounds. The first ground of demurrer challenges the sufficiency of the allegations for the removal of the attachment, on the ground that it sets forth no legal or equitable cause why the attachment should be removed, and fails to state fully and distinctly the grounds of defense. And the second and third grounds of demurrer raise the point that the defendant failed in his application for removal to state the grounds of defense to the attachment.

The defense which must be set forth by one applying to have removed an attachment issued under the provisions of § 5088 of the Civil Code is one showing "why such attachment should not have been issued, or should be removed," and is not a defense to the creditor's claim of a debt against the defendant. In the application for the removal of the attachment in this case, after reciting the issuance of the attachment and the levy of the same upon certain property of the applicant, the petitioner for removal alleges that he had not conveyed any of his property for the purpose of

avoiding payment of the debt due the plaintiff in the attachment, as charged in the petition for attachment. He denies that he is insolvent, or was insolvent at the time of the execution of a deed to a certain described tract of land to his son. He denies that the deed was executed for the purpose of hindering, delaying, or defrauding his creditors, and alleges that on the contrary the deed attacked was executed for a valuable consideration, and sets forth the amount of the purchase-price for the land; alleging that said transaction was for the purpose of raising funds with which to pay off the amount of indebtedness due plaintiff in attachment, that the same was made in good faith and for value, that the purchase-price of the land was $2,000, and that the son to whom he conveyed the land gave his four promissory notes for the sum of $500 each. And in the amendment to the application he alleged that to secure the payment of these notes he took a deed to the property conveyed to his son, and that he is now the owner and holder of the deed. The defendant in attachment alleged further, that he had not threatened to conceal any of his property liable for the payment of his debts, for the purpose of avoiding the payment of the same; that he intends fully to pay all of his indebtedness and is making honest endeavors to raise funds for the purpose of paying same; that he is solvent, that his assets are approximately $13,500, and his liabilities do not exceed $5,000. The applicant for the removal of the attachment then sets forth in detail certain items of his property and of his indebtedness. The showing as to his liability and his indebtedness is as follows:

"8th. Petitioner alleges that he is the owner and holder of three promissory notes made and executed to him by Hannah Washington, in the principal sum of $600.00 each, dated December 1, 1923, and due respectively October 1st, 1924, 1925, and 1926, and to secure the payment of same petitioner is the holder and owner of a deed to secure a debt to one metal restaurant building and lot whereon the same is situated, said lot being 45 feet front, Main Street, and extends back 150 feet.

"9th. Petitioner further shows that he is the owner of 166-2/3 acres of land off the north side of lot of land No. 152 in the 12th district aforesaid and bounded on north, east, and west by original land line of said lot, on the south by land of Pelham, and is of the value of $3,000.00, and is the owner of 125 acres of land off of lot

of land No. 332 in the 12th district, Miller County, Georgia, and is of the value of $3,000.00, the same being the west half of said lot.   And that he is the owner of a certain tract or parcel of land in the City of Colquitt, Georgia, being a part of the land No. 152 in the 13th district of Miller County, Georgia, and being a residence lot fronting 150 feet on Pine Street and extends back 400 feet, and is of the value of $600.00.   And is the owner of personal property consisting of one Ford automobile of the value of $450.00, 60 head of cattle of the value of $600.00, three mules of the value of $300.00, and other personal property consisting of household goods, farming tools, of the value of $1000.00.

"10th.  Petitioner further shows that his indebtedness consists of a loan of $750.00 due in 1926 on the place in Colquitt, Georgia, where he now resides, and $1000.00 loan on the 166-2/3 acres of land due in 1928, and $1000.00 on 125 acres, due in 1928; $600.00 note due Harmon Cook, due October, 1924, $390.00 note due Dewitt Crow in October, 1924, and $600.00 due the First National Bank, Colquitt, Georgia, past due.

"11th.  Petitioner further shows that he has a good defense to said attachment, and that sheriff B. E. Houston has levied on three mules, being all the stock of your petitioner with which to cultivate 120 acres of land, and that the levy upon said mules, taking the same out of the crop, will cause the loss of said crop, which will be an irreparable damage to your petitioner, and damage which can not be estimated.

"12th.  That the debt due plaintiff in attachment, Mrs. Chas. M. Sutton, formerly Annie Dowling, is for the balance of the purchase-price of a certain house and lot located in the City of Colquitt, Georgia, on the west side of First Street, and known as the place where your petitioner now resides, and that on the day of the purchase, August 18, 1922, the consideration of the sale was $2750.00, and that the entire indebtedness due plaintiff in attachment is $1400.00 principal sum, secured by deed over said property, and that said property is now worth $2750.00."

We are of the opinion, considering the allegations in the petition and the amendment thereto, that the applicant for the removal of the attachment sufficiently sets forth a defense to the issuance of the attachment.

2.   When the application for the removal of the attachment

was filed, the judge of the superior court, to whom it was presented, under the provisions of the statute appointed a time and place for hearing both parties, plaintiff and defendant; and at the time of the hearing, after overruling the demurrer to the application which we have dealt with above, the judge rendered judgment and passed an order removing the attachment in accordance with the prayers of the application. The plaintiff, at the time fixed for the hearing, made a preliminary motion that the court determine and announce upon which party the burden of proof lay; and the court disposed of that motion by adjudging that the burden of proof was upon the plaintiff, and to this ruling the plaintiff excepted. But we are of the opinion that the judge ruled correctly upon this question. Counsel for the plaintiff, in their brief, insist that the ruling of the court was error, under the law and certain decisions made by this court, and urge especially the decision in the case of *Loeb* v. *Smith,* 78 *Ga.* 504 (3 S. E. 458). In that case it was said: "The judge acts judicially in granting the attachment, but ministerially in issuing it. His order granting it should be in writing, just as any other judgment which he is authorized to render, and this order is the proper basis of the attachment, whether issued by himself, or another magistrate, or by the clerk. The attachment is not a judgment, but a writ, and for that reason is not examinable collaterally, but only by writ of error to his decision, or by application, according to section 3299 of the Code, to remove, modify, or vacate the attachment." And in the course of the decision it was further said: "The decision of the judge granting or refusing these special attachments is subject to review by writ of error. Code § 3301. This shows conclusively that such decision is regarded as a judgment." While this decision in the *Loeb* case holds that the order of the judge for the issuance of the attachment is a judicial act, and in substance holds that the order is a judgment, we do not think that such an order has all the elements of a judgment after a hearing upon the issues involved. In the case of *Kenney* v. *Wallace,* 87 *Ga.* 724 (13 S. E. 744), it is said: "Where the affidavit supporting the petition for an attachment issued on the ground of fraud is not positive, but only 'to the best of affiant's knowledge and belief,' the burden of proof on the hearing of an application to dissolve the attachment is upon the plaintiff." In the present case the application for attachment was sworn to posi-

tively and without qualification. But the order granted by the judge, or the attachment granted by him, is the same whether the affidavit supporting the petition for attachment is sworn to positively or to the best of affiant's knowledge and belief. It is as much a judgment in the one case as in the other. It is an ex parte judgment in either case. It was granted in this case upon an affidavit made by an attorney for the plaintiff; and we are of the opinion that the rule as to the burden of proof should be the same in cases of this character as it is in the case of attachment issued under the provisions of section 5088 of the Code, where a traverse of the affidavit upon which the attachment is based has been filed; and in cases of this kind it has been held, on the trial of such a traverse, that the burden of proof is on the plaintiff in attachment. *Oliver* v. *Wilson,* 29 *Ga.* 644. In the opinion in that case it was said: "We do not agree with the presiding judge in holding that, on the issue formed by the traverse of the ground on which the attachment issued, the defendant held the burden of proof. The plaintiff affirmed that at the time when the attachment issued the defendant was absconding, and the defendant denied the fact. The plaintiff clearly held the affirmative of the issue, which generally, if not always, carries with it the burden of proof. I doubt whether an accurate analysis will leave a single exception to this important rule." And we are of the opinion that in this case the court did not err in holding that the burden of proof was upon the plaintiff.

*Judgment affirmed. All the Justices concur.*