IRWIN *et al. v.* GRIFFIN.

No. 15812. MAY 23, 1947. REHEARING DENIED JUNE 12, JULY 11, 1947.

458

William G. Grant, Lokey & Bowden, James F. Cox, Sydney F. Keeble, and Carl B. Copeland, for plaintiffs in error.

Powell, Goldstein, Frazer & Murphy, W. H. Miller, A. B. Conger, Vance Custer, and H. G. Bell, contra.

Moise, Post & Gardner, Henry A. Stewart, Sapp & Erwin, J. N. Peacock Jr., Leonard Farkes, Walter H. Burt, Sam Brown Lippitt, William C. McLean, Beck, Goodrich & Beck, James Morrisette, McQueen & McQueen, Wright & McGuire, and Reuben Wright, for persons at interest, not parties.

JENKINS, Chief Justice. The statutory law of this State provides for the issuance and levy of ordinary attachments under a number of circumstances enumerated under the Code, § 8-101, and the procedure to be followed in the exercise of this remedy is set forth in the succeeding Code sections, including by § 8-111 the giving of an attachment bond with good security by the party seeking the attachment, "conditioned to pay such defendant all damages that he may sustain and also all costs that may be incurred by him in consequence of suing out the attachment, in the event the plaintiff shall fail to recover in said case." By the Code, § 8-401 et seq., an additional ground, referred to by Judge Bleckley as a *special attachment* (*Loeb* v. *Smith Bros. Co.*, 78 *Ga.* 504, 511, 3 S. E. 458) is established under the same rules as to giving bond, etc., wherein the right is given to apply for an attachment to the judge of the superior court whenever a debtor is fraudulently seeking to dispose of or encumber his property. In this form of special attachment, the judge may pass an *ex parte* judicial order on the application and the evidence accompanying the same, authorizing the clerk in his ministerial capacity to issue the attachment (*Haslett* v. *Rodgers*, 107 *Ga.* 239, 242, 33

S. E. 44) or, as provided by the Code, § 8-403, may cause a hearing to be had before him as to the propriety of granting the same prior to taking action thereon. By § 8-405 provision is made for the removal of such an attachment where the grant has been made *ex parte,* that is without a hearing, in which case the defendant seeking such removal should make application to the judge, "stating fully and distinctly the grounds of his defense, showing why such attachment should not have been issued, or should be removed." This section provides that, upon the hearing of such a motion to remove, the judge shall act as in applications for injunction. The provisions of the Code sections as to the removal of such attachment which has been granted *ex parte* merely provide for an expeditious interlocutory hearing upon the question as to whether the writ has been improvidently granted, and that without awaiting the trial of the issue made on any traverse of "the truth of the affidavit in relation to the ground upon which the attachment is issued," as provided for by § 8-605 of the Code. As was said by Mr. Justice Hall in *Falvey* v. *Adamson, 73 Ga.* 493, 496: "The statute in question evidently contemplates that the plaintiff shall have power to reach property so situated, and in that connection it provides a mode and a tribunal by which the defendant *may summarily traverse the ground upon which the attachment issued."* (Italics ours.) This section for the removal of attachments against fraudulent debtors manifestly is not intended to supersede the protection provided the defendant by the giving of the bond with security to save him harmless from all damages that he might sustain in the event the plaintiff should fail to recover on his declaration in attachment. As was said in *Sutton* v. *Cook, 159 Ga.* 505, 507 (126 S. E. 473), "The defense which must be set forth by one applying to have removed an attachment issued under the provisions of § 5088 [Code 1933, § 8-401] of the Civil Code is one showing 'why such attachment should not have been issued, or should be removed,' *and is not a defense to the creditor's claim of a debt against the defendant."* (Italics ours.) That the question for determination either at an interlocutory hearing on a petition to remove the attachment, or even on the subsequent trial of a traverse attacking the same "in relation to the grounds upon which the attachment issued," pertains solely to the sufficiency of the "ground upon which the attach-

ment issued," and not to the validity of the claim of the plaintiff in attachment is also clearly indicated by the ruling of this court in *Irvin* v. *Howard,* 37 *Ga.* 18 (6), 24 (6), where it was said in respect to the affidavit in attachment that it "need not set forth the cause of action; that is left for the declaration to be subsequently filed in the case;" citing *Dobbs* v. *Justices,* 17 *Ga.* 630. Manifestly, if a mere claim of indebtedness by the affidavit in attachment be sufficient, without in anywise setting forth the nature of the cause of action, an attack upon the attachment at an interlocutory hearing should not be permitted to enter the field made by the declaration in attachment, where the validity of the plaintiff's claim 'can alone be properly determined. That the law is more stringent as related to the ground of attachments as against alleged fraudulent debtors than it is in the case of attachment issued upon the other stated grounds, is manifest. This is clearly shown by the provision of law requiring an application for the grant of a fraudulent debtor's attachment before it can be properly issued. If issued *ex parte, that* is without a hearing, the law further protects the debtor by providing for a petition to remove the attachment, and this remedy merely furnishes an expeditious interlocutory hearing, as in injunction cases, on the issue made by a traverse *"to the ground upon which the attachment issued,"* as provided for by the Code, § 8-605, and in no way relates to the issue of indebtedness as made by the declaration in attachment. In other words, the grant of attachment can be attacked in all forms of attachment by a traverse of the ground of attachment under § 8-605. In cases of attachment against alleged fraudulent debtors, there is one, but only one, distinction. In the latter form of attachment, provision is made for a permit before the attachment can be issued; and, in cases where the permit is granted *ex parte,* provision is made for a speedy dissolution of the attachment by a preliminary and expeditious interlocutory hearing as in cases of injunction prior to the final hearing on the traverse attacking the *ground* upon which the attachment issued. With this one exception the proceedings in all forms of attachment are identical, and in all cases any issue upon the claim of indebtedness must await the trial on the declaration in attachment.

On the hearing of the instant petition, seeking to remove the attachment, it was stipulated between the parties that, "for the

purposes of this hearing, no proof on the question of whether or not the transfer from defendant in attachment to the Arlington Corporation was fraudulent shall be submitted; and that the sole contention of defendant in attachment is that there is no liability on her part for the homicide of plaintiff's daughter." It therefore follows, under the rules of law above stated, that the judge before whom the motion to remove was heard did not err in overruling it. The plaintiff in attachment, while now insisting on the rule of law as hereinbefore set forth, did nevertheless on the *hearing,* as did the defendant in attachment, proceed to offer voluminous evidence by affidavit with respect to the nature of the plaintiff's cause of action. The movant in the court below, now plaintiff in error, takes no exception to this procedure, but on the contrary, one of his exceptions is based on the ground that the court refused to pass on the attack made on the constitutionality of certain statutory provisions relied upon in part by the plaintiff in attachment. The scope of the ruling now made by this court in affirming the action of the judge in overruling the motion to remove the attachment is limited to the one reason hereinbefore stated; and no other adjudication by the judge in the court below to which exceptions are taken shall be held as prejudicing the rights of any party litigant.

*Judgment affirmed. Candler, Justice, and Gower, Judge, concur. Bell and Head, Justices, concur specially. Duckworth, Presiding Justice, and Wyatt, Justice, dissent.*

BELL, Justice, concurring specially. On the application to dissolve the attachment, Mrs. Irwin contended that because 'of conditions and restrictions upon her ownership of the hotel property, she was as a matter of law in nowise responsible for any negligence that may have existed with respect to its construction or maintenance at the time of the fire, and hence could not (as she insists) be lawfully found to be a debtor of the plaintiff in attachment.

The foregoing opinion as prepared by the Chief Justice rules in effect that such contention as to non-liability was not a proper matter for consideration by the judge on the issue as to removal of the attachment; and, as I understand the opinion, it states the rule as one that would be applicable to all hearings for grant or removal of an attachment under the fraudulent debtors' attachment act. To this I cannot agree. Under the fraudulent debtors'

act, the very ground of attachment is fraud, or alleged fraud, and therefore it seems to me that on the hearing before the judge evidence of non-liability would be admissible equally with any other fact or circumstance that would tend to refute the charge of fraud. Code, §§ 8-401, 8-403, 8-405.

As a matter of fact, if the defendant could show that he is not indebted to the plaintiff at all, this, it seems, would be very strong, if not conclusive, evidence that the alleged transfer or conveyance was not fraudulent. Of course, the admission and consideration of evidence of this nature on the hearing before the judge would not affect the final trial or verdict under the declaration in attachment, and it would be admissible even before the judge only for the purpose of illustrating the issue as to fraud.

The decision in *Sutton* v. *Cook,* 159 *Ga.* 505 (126 S. E. 473), is not, in my opinion, authority for the proposition that such evidence is not relevant at all upon such a hearing before the judge. In that case the indebtedness was admitted. The defendant in attachment filed an application for removal, and merely alleged therein various facts and circumstances for the purpose of illustrating that he had not acted *fraudulently* in making the transfer or conveyance that was assailed by the plaintiff in attachment, and alleged nothing as an ultimate defense. A general demurrer to this application was filed; and it was apparently insisted thereunder that the application did not constitute a good defense to the alleged claim of indebtedness, and for that reason was insufficient as an application for removal. As I understand the decision, it simply held that an application for removal is not fatally defective and subject to demurrer, merely because it does not set forth a defense to the alleged claim of indebtedness; but that, on the contrary, it would be good against general demurrer if it alleges any facts showing "why such attachment should not have been issued or should be removed." In other words, it was held only that a defense to the alleged claim of indebtedness is not one that *must* be made in an application for such removal; and there was no ruling whatever to the effect that such defense *could not* be made therein as against the charge of fraud. Moreover, the latter question was in no way presented for decision, and anything that might have been said regarding it would have been a mere dictum. The decisions in *Dobbs* v. *The Justices,* 17 *Ga.* 630 (3), and *Irvin* v.

*Howard,* 37 *Ga.* 18 (6), do not in my opinion have any bearing upon this question.

Notwithstanding the views that I have just expressed touching what I think should be the general rule as to proof of non-liability upon such a hearing—that is, that such evidence would be admissible for the purpose of refuting the charge of fraud but for that purpose only—it appears that the parties in the instant case stipulated that, for the purpose of the hearing on the motion to remove the attachment, no evidence would be introduced to prove either the bona fides or the fraudulent nature of any transfer of property, and that the sole contention of the defendant in attachment was that there is no liability on the part of the defendant for the homicide of the plaintiff's daughter.

As I construe this statement, the defendant sought to remove the attachment merely by showing non-liability, entirely apart from any question of fraud. I agree with the Chief Justice and those concurring with him, that the attachment could not be removed by such proof *alone.* Furthermore, all issues as to the bona fides or the fraudulent nature of the transfer having been eliminated by the parties for the purpose of the hearing, I agree also that the judgment of the trial court should be affirmed, even though the reasons stated for such affirmance may be different from those given by the trial judge in his order. *Coker* v. *Atlanta,* 186 *Ga.* 473 (1), 475 (198 S. E. 74).

I am authorized to say that this special concurrence represents the views of Justice Head.