70727. HENDERSON v. SMITH et al.
(338 SE2d 520)

Pope, Judge.

Appellant Henderson filed an affidavit in support of an application for a writ of pre-judgment attachment alleging, inter alia, appellee Smith's indebtedness to him in the amount of $9,335.35. On May 4, 1984 the Superior Court of DeKalb County granted appellant's application for a writ of attachment. Pursuant to the pre-judgment writ of attachment, certain automobiles were seized, among them a certain 1977 Chevrolet Corvette. Appellee Smith filed a traverse of the attachment. Subsequently, appellee third-party intervenor Patterson filed a claimant's traverse of the attachment claiming ownership of the Corvette. In a separate count of the traverse, Patterson also alleged and sought damages for the wrongful attachment of her automobile.

After a hearing in which appellant sought to show Smith's fraudulent conveyance of the Corvette to Patterson, the trial court found title to and ownership of the Corvette to be in Patterson. Thus, the Corvette was not subject to the writ of attachment of Smith's property. The trial court ordered the car released to Patterson. However, the trial court also ordered that all other issues in the matter be reserved for its later determination, "including the issue of any damages for wrongful attachment herein." Appellant filed a notice of appeal from this order.

This appeal must be dismissed. Effective July 1, 1984, OCGA § 5-6-35 (a) was amended to include among the categories of cases which require that application for discretionary appeal must be taken "[a]ppeals from cases involving garnishment or attachment, except [for judgments or orders granting or refusing applications for attachment against fraudulent debtors]." OCGA § 5-6-35 (a) (4). See OCGA § 5-6-34 (a) (5). The present appeal is one involving attachment, but it is not an appeal from an order which granted or refused appellant's application for a writ of attachment against Smith's property. Rather it involves the grant of a third-party claimant's traverse to the writ of attachment which had been previously granted to appellant. Appellant's failure to follow the procedures for the application for discretionary appeal set forth in OCGA § 5-6-35 subjects this case to dismissal. See *Mason v. Osburn Hardware &c. Co.*, 174 Ga. App. 865 (331 SE2d 888) (1985); *Voight v. Orr*, 173 Ga. App. 248 (326 SE2d 480) (1985).

Moreover, notwithstanding that this case is one properly classified as subject to the requirements of OCGA § 5-6-35, the trial court's order is not a final judgment from which a direct appeal may be brought. The order recited that the issue of damages for the wrongful attachment of Patterson's automobile was expressly reserved by the trial court and is still pending. "The order from which appeal was taken adjudicates less than all claims, and it does not provide for the entry of final judgment pursuant to OCGA § 9-11-54 (b). Under such circumstances, the [order of the trial court] does not constitute a final judgment." *Vintage Enterprises v. Powers*, 175 Ga. App. 785 (334 SE2d 383) (1985). Cf. *Trax, Inc. v. Pentagon Aero-Marine Corp.*, 162 Ga. App. 276 (1) (290 SE2d 196) (1982). Further, "[n]o certificate of immediate review was obtained pursuant to OCGA § 5-6-34 (b) and because it is clear that the case is still pending in the court below, the appeal is premature and must be dismissed. [Cits.]" *Terry v. Cochran*, 176 Ga. App. 51 (335 SE2d 304) (1985). See also *English v. Tucker Fed. Savings &c. Assn.*, 175 Ga. App. 69 (332 SE2d 365) (1985).

*Appeal dismissed. Deen, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 2, 1985.

*Dr. Karl J. Duff*, for appellant.
*Melvin S. Nash, Michael C. Fowler*, for appellee.